**Joseph LANDRY, Appellant,**

v.

**Dr. B.R. RINGER, Jr., Center of Plastic & Reconstructive Surgery, and Cosmetic Surgery International, Appellees.**

No. 14–00–00716–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 26, 2001.

Craig S. Watson, Baton Rouge, for appellants.

John W. Belk, Houston, for appellees.

Panel consists of Justices YATES, FOWLER, and WITTIG.

## OPINION

YATES, Justice.

This is an appeal from the dismissal of a medical malpractice claim brought by appellant, Joseph Landry. The trial court dismissed Landry's claim with prejudice because of Landry's failure to comply with Section 13.01 of the Medical Liability and Insurance Improvement Act ("4590i") which, subject to some qualifications, requires a plaintiff to file an expert report and curriculum vitae within 180 days after filing a lawsuit. We affirm.

### I. Background Facts and Procedural History

Landry filed this lawsuit against appellees, Dr. Ringer and The Center of Plastic & Reconstructive Surgery ("Ringer"),[1] August 19, 1999. On March 29, 2000—more than 220 days later—Ringer filed a motion to dismiss Landry's action because Landry failed to file an expert report and curriculum vitae within 180 days after filing this lawsuit. Although the motion to dismiss was originally scheduled to be heard April 7th, the hearing was rescheduled to May 5th. Prior to the May hearing on Ringer's motion to dismiss, Landry's attorney filed two motions for continuance. The first, filed April 4th, stated that the need for a continuance was based on Landry's "great difficulty finding an expert who practices in the area of Dr. B.R. Ringer's expertise." This motion also stated that the failure to file the report was not intentional or the result of conscious indifference but was the result of "being unable to find the proper expert."

The trial court denied Landry's first motion on April 24, and Landry's attorney filed a second motion for continuance the following day. The second motion stated that "a physician [is] reviewing the medical documents. The expert report and cirriculum [sic] vitae should be forthcoming. Plaintiff's counsel was unaware that the 180 day time period had expired until he

---

1. Cosmetic Surgery International is not a party to this appeal, and because The Center of Plastic & Reconstructive Surgery is Ringer's d/b/a, we will refer to appellees as Ringer.

received defendant's motion to dismiss." At the May hearing, the trial court refused to entertain Landry's second motion and signed an order dismissing Landry's cause of action. This appeal followed.

In his sole point of error, Landry complains that the trial court erred in granting Ringer's motion to dismiss because it was required to grant a continuance under 4509i either upon a showing of good cause or upon a showing that the failure to comply with subsection (d) of 4590i was not the result of conscious indifference but was due to accident or mistake. In response, Ringer argues that Landry's motion was untimely within the meaning of 4590i.

## II. Standard of Review

The proper standard of review for a trial court's dismissal of a medical malpractice claim based on the plaintiff's failure to comply with the expert report provisions of Section 13.01 is whether the trial court abused its discretion. *Pfeiffer v. Jacobs,* 29 S.W.3d 193, 195–96 (Tex. App.—Houston [14th Dist.] 2000, pet. denied); *Jackson v. Reardon,* 14 S.W.3d 816, 818 (Tex.App.—Houston [1st Dist.] 2000, no pet.). A trial court abuses its discretion if it acts without reference to any guiding rules or principles—in other words, if it acts arbitrarily or unreasonably. *K–Mart Corp. v. Honeycutt,* 24 S.W.3d 357, 360 (Tex.2000).

## III. Timeliness of Landry's Request for Extension

Subsection (f) provides that "[t]he court may, for good cause shown after motion and hearing, extend any time period specified in Subsection (d) of this section for an additional 30 days. Only one extension may be granted under this subsection." TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(f) (Vernon Supp.2000). This section has been interpreted to (a) grant the trial court broad discretion in determining whether good cause is shown and (b) limit the court's ability to extend the time within which expert reports are due beyond 210 days from the date the lawsuit was originally filed. *Pfeiffer,* 29 S.W.3d at 195–97. Under this subsection, a motion filed after 210 days is not timely. *See, e.g., id.* at 197 (finding motion for extension filed 321 days after lawsuit was instituted untimely under subsection (f)). Here, Landry's first motion for extension was not filed until 229 days after he sued Ringer. Accordingly, his motion was untimely under subsection (f).

Nevertheless, subsection (g) declares that:

> Notwithstanding any other provision of this section, if a claimant has failed to comply with a deadline established by Subsection (d) of this section and after hearing the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection. *A motion by a claimant for relief under this subsection shall be considered timely if it is filed before any hearing on a motion by a defendant under Subsection (e) of this section.*

TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(g) (emphasis added). Here, Landry's motion for extension was timely requested because it was filed before the hearing on Ringer's motion to dismiss. *See id.; see also Pfeiffer,* 29 S.W.3d at 197 (concluding plaintiff's motion for extension was timely under subsection (g), even though not requested until 321 days after the lawsuit was filed). Therefore, if Landry proved the existence of accident or mistake, the trial court was required to

grant a 30–day extension. *See Nguyen v. Kim*, 3 S.W.3d 146, 151 (Tex.App.—Houston [14th Dist.] 1999, no pet.). Accordingly, we now address Landry's evidence of accident or mistake.

## IV. Evidence of Accident or Mistake

 This Court and others have held that some excuse, though not necessarily a good one, is sufficient under subsection (g) "to warrant an extension of time to file an expert report, so long as the act or omission causing the failure to file the report was, in fact, accidental." *Nguyen*, 3 S.W.3d at 152 (quoting *Horsley–Layman v. Angeles*, 968 S.W.2d 533, 536 (Tex. App.—Texarkana 1998, no pet.)). Conscious indifference requires more than negligence. *Roberts v. Medical City Dallas Hosp., Inc.*, 988 S.W.2d 398, 403 (Tex. App.—Texarkana 1999, pet. denied) (citing *Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex.1995)). The plaintiff bears the burden of supporting his claim of accident or mistake *with evidence.*[2] *Roberts*, 988 S.W.2d at 403. The "failure to read [4590i] is certainly negligence, but negligence does not equate to conscious indifference." *Id.* The burden then shifts to the defendant. Unless the defendant specifically controverts the plaintiff's evidence supporting mistake, the plaintiff will prevail on that issue. *Id.* (citing *Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex.1992)). The trial court abuses its discretion if it dismisses a case and the failure to file the expert report was not intentional or the result of conscious indifference. *Id.;* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(g) (Vernon Supp.2000); *Horsley–Layman*, 968 S.W.2d at 536.

Landry's attorney filed two unverified motions for continuance. The first essentially claimed that the failure to file an expert report was the result of an inability to find an expert in Ringer's field. The second motion further elaborated that the failure to find an expert was the result of the attorney's failure to realize that 180 days had lapsed until after Ringer filed his motion to dismiss. At the hearing on the motion to dismiss, the following exchange took place between the court and Landry's attorney.

> THE COURT: Now, I've already ruled on [defendant's] motion to extend time. . . .
>
> On April the 24th I denied plaintiff's motion to extend time partly because it was way too late to extend the time and the time I would have extended it to has already expired quite sometime ago. So we're here today on defendant's motion to dismiss is my understanding.
>
> Does anybody disagree with that understanding?
>
> LANDRY'S ATTORNEY: Judge, to the point that I re-filed a notice of submission and notice to extend based on Article 4590i, section 13(f) and (g), not only for good cause but for that there was a fact that there was a mistake and that *I wasn't knowledgeable that the 180 days had passed at the time.*

(Emphasis added). In *Knie*, the court held that the attorney's unsworn statements constituted evidence because "the evidentiary nature of Knie's attorney's statements was apparent." 23 S.W.3d at

---

**2.** Although statements made in a hearing by an attorney not under oath are ordinarily not "evidence," the oath requirement can be waived by the opposing party's failure to object to the fact that the attorney has not been sworn. *Knie v. Piskun*, 23 S.W.3d 455, 463 (Tex.App.—Amarillo 2000, pet. denied) (citing *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997)).

463. Similarly, in *Banda*, our Supreme Court held that where "[t]he record shows that [an attorney] was clearly attempting to prove the existence and terms of a settlement agreement," the opposing party's attorney should have known to object to counsel's unsworn statements. 955 S.W.2d at 272.

Here, the italicized portion of the statement by Landry's attorney is not evidence within the meaning of *Knie* and *Banda* because it is not evidentiary in nature. Rather, the statement reflects only that Landry's attorney was explaining the nature of the motion he previously filed—a motion which, in turn, was unverified. The remainder of the May hearing focused not on the accidental nature of Landry's attorney's failure to file the expert reports, but rather on the reasons he was unable to procure an expert in the first place. For instance, Landry's attorney explained: (1) he had tried unsuccessfully to obtain a report from some doctors in New Orleans and that the report "has been in the workings quite sometime;" (2) he originally looked for a D.O. who performed the kind of surgery at issue in this case, (3) he looked around the country for a doctor with this kind of expertise; (4) and that he had been looking for a doctor since November, more than six months before the hearing. Additionally, he stated that his client came to him shortly before the statute of limitations had run.

 Where an attorney intentionally fails to file an expert report, even though the failure was caused by the expert's need for more time to prepare it, the failure is not accidental within the meaning

of subsection (g). *Pfeiffer*, 29 S.W.3d at 198. Here, the only attempt to show that the failure to file an expert report was unintentional are the unverified statements by Landry's attorney in the motions.[3] And while the balance of the explanations offered at the hearing on Ringer's motion to dismiss may qualify as good cause within the meaning of subsection (f), because Landry was already well outside the 210–day maximum period for an extension under that subsection,[4] the trial court could not have granted a 30 day extension for good cause. Accordingly, we cannot say the trial court abused its discretion by denying appellant's request for an extension.

The judgment of the trial court is affirmed.

---

3. Accordingly, because we find that no evidence was offered by Landry in support of his claim of accident, we need not reach the ultimate issue of whether the statement by Landry's attorney that he was not "knowledgeable that the 180 days had passed" would

have excused his failure to comply with subsection (g).

4. By the time of the hearing, more than 250 days had lapsed since Landry filed suit.