**Arlene RITTMER, Appellant,**

v.

**Richard GARZA, M.D., and Paul Vitenas, Jr., M.D., F.A.C.S., Appellees.**

**No. 14–00–01051–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 9, 2001.

Robert Perry McConnell, The Woodlands, for appellant.

T. Marc Calvert, John C. Landa, Jr., Houston, for appellees.

Panel consists of YATES, FOWLER, and WITTIG, JJ.

## OPINION

WANDA McKEE FOWLER, Justice.

On May 12, 1999, Arlene Rittmer sued Drs. Richard Garza and Paul Vitenas, Jr. for medical negligence under the Texas Medical Liability and Insurance Improvement Act ("the Act"). Pursuant to the Act, within 180 days of filing suit, a plaintiff must either (1) furnish a statutorily sufficient expert report to counsel for each physician or healthcare provider sued, or (2) voluntarily nonsuit the action against the physician or healthcare provider. On February 25, 2000, more than 180 days after the suit was filed, Dr. Garza filed a motion to dismiss for Ms. Rittmer's failure to file an expert report that complied with the Act. On March 13th, a similar motion to dismiss was filed by Dr. Vitenas. Following oral hearings on March 22, March 29, and April 24, 2000, the trial court granted both doctors' motions to dismiss with prejudice. Ms. Rittmer appeals the trial court's dismissal of her suit.

We hold that Ms. Rittmer's expert report does not discuss the standard of care or causation with sufficient specificity to inform the defendant doctors of the conduct she has called into question, or to provide the trial court a basis to conclude that her claims have merit. Thus, the trial court did not abuse its discretion in dismissing Ms. Rittmer's claims with prejudice. We further hold that the trial court did not abuse its discretion in refusing to grant Ms. Rittmer's motion for an additional 30 days to cure her statutorily infirm expert report. Accordingly, we affirm the judgment of the trial court.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 1997, Arlene Rittmer experienced pain in her chest and both breasts. Dr. Garza diagnosed Ms. Rittmer with severe fibrocystic breast disease. On May 14, 1997, Ms. Rittmer underwent a subcutaneous mastectomy, followed immediately by reconstructive surgery. After surgery, Ms. Rittmer experienced various post-operative problems, including scars on her breasts and infection. Her breasts developed open, weeping wounds, through which her implants became exposed. These complications necessitated her implants being removed. In connection with these complications, Ms. Rittmer had four subsequent surgeries to try to repair the damage.

On May 12, 1999, Ms. Rittmer brought suit for medical negligence against Drs. Garza and Vitenas. Ms. Rittmer alleged

that her doctors were negligent and grossly negligent in performing the subcutaneous mastectomy, in performing liposuction on her breasts, in failing to get her consent for those procedures, in failing to remove the breast implants upon exposure and infection, in failing to properly monitor her condition following her discharge, and in failing to fully disclose the dangers of the procedures, and the operative and post-operative risks involved. On July 6, 1999, Ms. Rittmer's counsel filed an expert report, prepared by Dr. Joseph Agris. On July 9th, an amended expert report was filed, including Dr. Agris's curriculum vitae.

On February 15, 2000, the trial court signed an order allowing Ms. Rittmer's counsel of record, Mr. Jimmy Williamson, to withdraw. On February 25, 2000, Dr. Garza filed a Motion to Dismiss. On March 13, 2000, Dr. Vitenas filed a Motion to Dismiss. Both Motions to Dismiss, filed pursuant to section 13.01(e), alleged that Dr. Agris's report failed to meet the expert report requirements, found in section 13.01(d) of Article 4590i, because the report failed to state the standard of care and failed to set forth the acts and/or omissions on the part of each of the doctors, individually, which proximately caused Ms. Rittmer's injuries.

The first hearing on the motions to dismiss occurred on March 22, 2000, pursuant to a notice filed by Ms. Rittmer, who was pro se at the time. At the conclusion of the hearing, the judge granted Ms. Rittmer an additional week to respond to the motions.

On March 29, 2000, a second hearing on the motions to dismiss occurred. The court postponed ruling on the motions, and set a new hearing for April 24, 2000. By April 24, 2000, Ms. Rittmer had obtained new counsel. Mr. Theodore Andrews first appeared on Ms. Rittmer's behalf at the April 24th hearing. Andrews filed Ms. Rittmer's first response to the motions to dismiss on that day, and requested an "additional thirty days pursuant to section 13.01(f) of Article 4590i to file an expert's report" and included in his request the statement that "[t]he failure of the Plaintiffs to file the report within 180 days was not intentional or the result of conscious indifference but was due to an accident or mistake." Ms. Rittmer's motion, however, did not specify the alleged "accident or mistake," nor did she submit any evidence of the same. On April 24th, the trial court signed an order dismissing Ms. Rittmer's claims with prejudice as to both doctors. On May 23, 2000, Ms. Rittmer filed a Motion for New Trial, which was denied.

## DISCUSSION AND HOLDINGS

In two points of error, Ms. Rittmer complains that the trial court erred in dismissing her cause of action with prejudice, and erred in refusing to grant her a thirty-day grace period to amend the expert report, because, as Ms. Rittmer claims, the record does not support a conclusion that any failure to file an expert report was intentional or the result of conscious indifference.

### I. The Trial Court's Dismissal With Prejudice

#### A. Standard of Review

The trial court granted the doctors' motions, and dismissed Ms. Rittmer's claims with prejudice. The appropriate standard of review of a trial court's order to dismiss a case with prejudice, pursuant to article 4590i, section 13.01(e)(3), is abuse of discretion. *American Transitional Care v. Palacios*, 46 S.W.3d 873, 875, 44 Tex. Sup.Ct. J. 720, 720 (Tex.2001). An abuse of discretion occurs when a trial court acts in an unreasonable and arbitrary manner, or when it acts without ref-

erence to any guiding principles. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985); *Hart v. Wright,* 16 S.W.3d 872, 875 (Tex.App.—Fort Worth 2000, no pet.). We defer to the trial court's factual determinations, but review questions of law de novo. *Martinez v. Lakshmikanth,* 1 S.W.3d 144, 146 (Tex.App.—Corpus Christi 1999, pet. denied). Therefore, we examine the evidence in the light most favorable to the trial court's order. *Hart,* 16 S.W.3d at 876.

## B. Dr. Agris's Expert Report

The Medical Liability and Insurance Improvement Act, which was enacted to curtail frivolous claims against physicians and healthcare providers, sets out the requirements for filing an expert report. TEX. REV.CIV. STAT. ANN. art. 4590i, § 13.01(d) & (r)(5); *Horsley–Layman v. Angeles,* 968 S.W.2d 533, 537 (Tex.App.—Texarkana 1998, no pet.). The Act provides that a plaintiff must tender to each defending physician or healthcare provider one or more expert reports, along with a curriculum vitae, not later than the 180th day after the date on which the suit is filed. 4590i, § 13.01(d)(1). If a plaintiff tenders an expert report to the defending physician or healthcare provider, under section 13.01, that defendant is entitled to challenge the report's adequacy. *Id.* at § 13.01(e) & (*l*). The court must grant the defendant's motion challenging the report only if it appears to the court, after conducting a hearing, that the report does not represent a "good faith" effort to comply with the requirements of an expert report. *Id.* at § 13.01(*l*). An expert report, as defined under the act, is any report, written by an expert, that provides (1) as of the date of the report, a fair summary of the expert's opinions as of the date of the report regarding the applicable

standard of the case, (2) the manner in which the care, rendered by the defendant, failed to meet the standard of care, and (3) the causal relationship between that failure and the injury, harm, or damages claimed. *Id.* at § 13.01(r)(6).

■ Ms. Rittmer concedes that her expert provided a report which did not explicitly set out the causal relationship between the individual doctor's failure to meet the standard of care and the injury, harm, or damages claimed. Additionally, both appellees claim that the report further fails to identify the standard of care applicable to the treatment each doctor individually rendered.

Despite her concession that her expert report does not explicitly set out causation, Ms. Rittmer contends that the trial court abused its discretion in dismissing her claims. The expert report was presented to the court by her former attorney in July of 1999. However, the doctors did not file motions to dismiss based on the inadequacies of the expert report until after Ms. Rittmer's former attorney withdrew in February of 2000. Ms. Rittmer did not obtain counsel for two months after that, and the trial court immediately dismissed the case on the day that Ms. Rittmer's new counsel first appeared in the case. Ms. Rittmer argues that she is being punished for the oversights of her former attorney, whom the court allowed to withdraw. Ms. Rittmer further argues that, while the purpose of 4590i is to avoid frivolous claims, it seeks to do so "in a manner that will not unduly restrict a claimant's rights any more than necessary." *Id.* at § 1.02(b)(3).

Dr. Agris's report refers to the defendants collectively, except when he sets out both doctors' names, and the portions of the surgery each doctor performed, in the report's introduction. Dr. Agris makes conclusory statements about the consent

form for the subcutaneous mastectomy, but fails to identify the risks that allegedly were not disclosed on the consent form, and does not state that the consent form varied from the requirements found in the Texas Medical Liability and Insurance Improvement Act.

■ A party is not required to marshal all of its proof at this early stage in a cause of action. However, the expert's report, at a minimum, must attempt to incorporate the three requirements set out in section 13.06(r)(6). Dr. Agris's report lacks specificity as to the standard of care applicable to the surgeries performed on Ms. Rittmer. Moreover, the report does not explain the causal relationship between Dr. Garza's and Dr. Vitenas' treatment, individually, and the damages allegedly suffered by Ms. Rittmer. Due to these inadequacies, Dr. Agris's report did not meet the statutory requirements of section 13.01(r)(6). As a result, the trial court did not abuse its discretion in dismissing Ms. Rittmer's claims with prejudice. *See American Transitional Care,* 46 S.W.3d at 880, 44 Tex. Sup.Ct. J. at 724. Ms. Rittmer's first issue is overruled.

## II. The Trial Court's Denial of Appellant's Request for Additional Time

■ In Ms. Rittmer's second issue for review, she complains that the trial court abused its discretion in failing to grant her request for additional time to submit an amended expert report.

On appeal, Ms. Rittmer claims that the court should have granted the statutory grace period provided in 13.01(g).[1] That section of the Medical Liability and Insurance Improvement Act states:

> Notwithstanding any other provision of this section, if a claimant has failed to comply with a deadline established by Subsection (d) of this section and after hearing the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection. A motion by a claimant for relief under this subsection shall be considered timely if it is filed before any hearing on a motion by a defendant under Subsection (e) of this section.

*Id.* at 13.01(g).

As mentioned above, before Ms. Rittmer requested a thirty day grace period, the court had already held two hearings on the motion to dismiss filed pursuant to section 13.01(e). The statute provides that a motion for extension under subsection (g) is timely if filed before any hearing on a motion by a defendant under subsection (e). *Id.*[2]

---

1. In Ms. Rittmer's motion to dismiss, she couched her request for a statutory extension in terms of section 13.01(g), but cited to section 13.01(f). We will consider her claim on appeal with regard to the section 13.01(g) extension to have been raised at trial because the arguments presented to the trial court for extension incorporated the requirements for an extension under section 13.01(g). We also note that, at the time she filed her motion, an extension under 13.01(f) would have been unavailable because the request for that extension was filed in excess of 210 days after she

first filed this lawsuit. *Pfeiffer v. Jacobs,* 29 S.W.3d 193, 197 (Tex.App.—Houston [14th Dist.] 2000, pet. denied).

2. *See Hargrove v. Denno,* 40 S.W.3d 714, 715 (Tex.App.—San Antonio 2001, no pet. h.) (holding that to be timely, a motion for extension of time pursuant to section 13.01(g) must be filed before any hearing on a motion by a defendant under subsection (e)); *Jackson v. Reardon,* 14 S.W.3d 816, 818–19 (Tex.App.— Houston [1st Dist.] 2000, no pet.) (holding that a 13.01(g) motion for extension filed 15 days after a hearing on defendant's 13.01(e)

The timeliness of Rittmer's motion was not discussed by either Rittmer or appellee Vitenas on appeal; appellee Garza did raise it on appeal. However, no one raised the issue in the trial court. Consequently, we will assume that the trial court considered the motion. As we explain below, the trial court did not abuse its discretion in denying Ms. Rittmer's request for additional time to submit an amended expert report. If the failure to file one was accidental, some excuse, though not necessarily a good one, is sufficient under subsection (g) to warrant an extension of time to file an expert report. *Landry v. Ringer*, 44 S.W.3d 271, 275 (Tex.App.—Houston [14th Dist.] 2001, no pet. h.). However, the plaintiff bears the burden of supporting her claim of accident or mistake with *evidence*. *Id.* Here, Ms. Rittmer neither identified a purported accident or mistake, nor offered evidence of the same. She merely asserted that her failure to file the report within 180 days was not intentional or the result of conscious indifference, but was due to accident or mistake. This is conclusory and no evidence of accident or mistake. *See Tibbetts v. Gagliardi*, 2 S.W.3d 659, 663 (Tex.App.—Houston [14th Dist.] 1999, pet. denied). Ms. Rittmer contends that the trial court's dismissal of her case was predicated on an implied finding that her former counsel filed Dr. Agris's report either knowing it to be defective or with conscious indifference to its defects. She argues that such a conclusion is not supported by the record. By this argument she attempts to avoid the requirement that she produce evidence of accident or mistake. Contrary to Ms. Rittmer's contentions, because Ms. Rittmer did not come forward with evidence of accident or mistake, the burden did not shift to the defendant doctors to prove knowledge or

motion was untimely); *see also Pfeiffer*, 29 S.W.3d at 197 (stating, in dicta, that 13.01(g) requires the request for an extension be made

conscious indifference. *See Landry*, 44 S.W.3d at 275. As a result, we hold the trial court did not abuse its discretion in denying Ms. Rittmer's 13.01(g) request for an extension of time to file an amended expert report. Ms. Rittmer's second issue is overruled.

Having overruled both of Ms. Rittmer's issues for review, we affirm the judgment of the trial court.

before any hearing on a motion to dismiss under section 13.01(e)).