V00662.aa1








NUMBER 13-00-00662-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 
THERESA SMITH, ADMINISTRATOR OF THE

ESTATE OF CHARLES A. SMITH, DECEASED, Appellant,


v.


WILLIAM E. SWAN, JR., M.D., Appellee.

 


On appeal from the 105th District Court of Nueces County, Texas.

 

 
O P I N I O N

 

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Justice Hinojosa


Appellant, Theresa Smith, Administrator of the Estate of Charles A. Smith, Deceased, appeals from the trial court's order
dismissing her suit against appellee, William E. Swan, Jr., M.D. ("Dr. Swan"), for failure to timely file an expert report. We
affirm.

A. Background

In April 1998, Charles A. Smith ("Mr. Smith") was referred to Dr. Swan for evaluation as a candidate for hip replacement
surgery. As part of this process, Dr. Swan ordered a chest x-ray. The radiologist reported abnormalities in Mr. Smith's
right lung, and suggested that prior films be reviewed, if they existed, or that "a CT examination . . . be done . . . for further
evaluation." It is undisputed that Dr. Swan never informed Mr. Smith about the abnormal x-ray results or the
recommendation of the radiologist. Appellant alleges that Dr. Swan told Mr. Smith he "barely passed" the physical
examination. Seven months later, in December 1998, Mr. Smith sought treatment for respiratory problems, which lead to a
diagnosis of metastatic lung cancer. Mr. Smith underwent treatment, but died from the lung cancer on July 27, 1999.

Mr. Smith filed a notice of his potential claim in July 1999. Appellant provided Dr. Swan and his insurance carrier with a
report from Dr. M. Ayman Ghraowi, Mr. Smith's oncologist, dated August 26, 1999, which stated:

To Whom It May Concern:

This is to indicate that [Mr. Smith] was one of my patients with diagnosis of metastatic non-small cell lung cancer,
diagnosed on [sic] December 1998. The patient was treated with systemic chemotherapy with some response initially but
patient then progressed and patient expired in July 1999.

I have been asked about my opinion regarding the chest x-ray which was done in April 98, which was abnormal at that
time, but no further studies were done. If the patient would have had further studies with CT scans and the abnormality
was detected at the time, it might have had better prognosis, if the disease was limited to the lung.

On December 6, 1999, appellant filed suit against Dr. Swan, alleging medical malpractice, fraud, and gross negligence. On
July 28, 2000 (235 days after filing), Dr. Swan filed a motion to dismiss, asserting that appellant had failed to file an
appropriate expert report within 180 days of filing the lawsuit, as required by section 13.01(d) of the Medical Liability and
Insurance Improvement Act. See Tex. Rev. Civ. Stat. Ann. art. 4590i, §13.01(d) (Vernon Supp. 2002). (1) In her response
to the motion, appellant requested a thirty-day extension in which to file the report, and stated that her failure to file the
report was not intentional or due to neglect. Appellant attached the affidavit of her counsel, which stated that he had been
involved in a two-month-long trial and had mistakenly thought this case would settle. Appellant also attached the expert
report of Dr. Gus Stern. The trial court granted Dr. Swan's motion to dismiss, and this appeal ensued. 

In four issues, appellant contends the trial court abused its discretion in failing to find that her failure to file an expert report
was the result of accident or mistake, in failing to grant her an extension to file an expert report, and in dismissing her fraud
claim.

B. Section 13.01 and Standard of Review 

Section 13.01 provides, in relevant part, as follows:

 Not later than the later of the 180th day after the date on which a health care liability claim is filed or the last day of any
extended period established under Subsection (f) or (h) of this section, the claimant shall, for each physician or health care
provider against whom a claim is asserted:

 


 
 furnish to counsel for each physician or health care provider one or more expert reports, with a curriculum vitae
of each expert listed in the report; or
 


 


 voluntarily nonsuit the action against the physician or health care provider.


 


 If a claimant has failed, for any defendant physician or health care provider, to comply with Subsection (d) of this
section within the time required, the court shall, on the motion of the affected physician or health care provider, enter an
order awarding as sanctions against the claimant or the claimant's attorney:


* * * * *

 


 
 the dismissal of the action of the claimant against that defendant with prejudice to the claim's refiling.
 


 


 The court may, for good cause shown after motion and hearing, extend any time period specified in Subsection (d) of
this section for an additional 30 days. Only one extension may be granted under this subsection.


 


 Notwithstanding any other provision of this section, if a claimant has failed to comply with a deadline established by
Subsection (d) of this section and after hearing the court finds that the failure of the claimant or the claimant's attorney
was not intentional or the result of conscious indifference but was the result of accident or mistake, the court shall grant
a grace period of 30 days to permit the claimant to comply with that subsection. . . .


 


 The affected parties may agree to extend any time period specified in Subsection (a) or (d) of this section. An agreement
under this subsection is binding and shall be honored by the court if signed by the affected parties or their counsel and
filed with the court.


Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01 (Vernon Supp. 2002).

A trial court's decision to dismiss a case under section 13.01(e) is reviewed for abuse of discretion. Amer. Transitional
Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 875 (Tex. 2001); Tesch v. Stroud, 28 S.W.3d 782, 786 (Tex.
App.-Corpus Christi 2000, pet. denied). To establish abuse of discretion, the complaining party must show that the trial
court's action was arbitrary or unreasonable in light of all the circumstances in the case. Smithson v. Cessna Aircraft Co.,
665 S.W.2d 439, 443 (Tex. 1984). Stated differently, abuse of discretion is determined by examining whether the trial
court acted without reference to any guiding rules and principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
241-42 (Tex. 1985). 

Appellant's first three issues address whether the trial court erred in determining that her failure to file the expert report
within the 180-day time limit was not due to accident or mistake, and whether it abused its discretion by denying her
request for an extension of time to file an expert report. Because the resolution of appellant's first issue turns on the other
two, we will address these three issues together.

C. Extension of Time to File Expert Report

Section 13.01(g) of the Act requires the trial court to grant the claimant a thirty-day grace period in which to file her expert
report if the failure to timely file "was not intentional or the result of conscious indifference but was the result of accident
or mistake." Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(g) (Vernon Supp. 2002); see also Tesch, 28 S.W.3d at 787. (2)
The Act does not define "intentional," "conscious indifference," "accident," or "mistake." However, because the language
of section 13.01(g) is identical to the language used in determining whether to grant a motion for new trial after a default
judgment, appellate courts have construed these terms to apply in a similar manner. See, e.g., Tesch, 28 S.W.3d at
787;Finley v. Steenkamp, 19 S.W.3d 533, 538 (Tex. App.-Fort Worth 2000, no pet.); Schorp v. Baptist Mem. Health Sys., 5
S.W.3d 727, 731 (Tex. App.-San Antonio 1999, no pet.). 

An extension of time must be granted if the motion and affidavits filed by the movant sets forth facts which, if true, would
negate intentional or consciously indifferent conduct. Landry v. Ringer, 44 S.W.3d 271, 274-75 (Tex. App.-Houston [14th
Dist.] 2001, no pet.); Tesch, 28 S.W.3d at 787; Finley, 19 S.W.3d at 539. Some excuse, but not necessarily a good excuse,
is enough to warrant an extension to file an expert report, as long as the act or omission causing the failure to file the report
was in fact accidental. Tesch, 28 S.W.2d at 787; Finley, 19 S.W.3d at 539; Horsley-Layman v. Angeles, 968 S.W.2d 533,
536 (Tex. App.-Texarkana 1998, no pet.). Conscious indifference requires more than mere negligence. Whitworth v.
Blumenthal, 59 S.W.3d 393, 401 (Tex. App.-Dallas 2001, no pet.); Roberts v. Med. City Dallas Hosp., 988 S.W.2d 398,
402 (Tex. App.-Texarkana 1999, pet. denied). 

The burden is on the party seeking relief to present some evidence of accident or mistake to demonstrate that he did not act
intentionally or with conscious indifference. Tesch, 28 S.W.2d at 787; Schorp, 5 S.W.3d at 732. It is then the non-movant's
burden to controvert the movant's evidence of mistake, or else an issue of mistake exists and an extension of time must be
granted. Tesch, 28 S.W.3d at 787; Finley, 19 S.W.3d at 539;Schorp, 5 S.W.3d at 732. If the movant's evidence negating
conscious indifference is uncontroverted, the trial court abuses its discretion by denying the motion. Whitworth, 59 S.W.3d
at 401; Landry, 44 S.W.3d at 275; Tesch, 28 S.W.3d at 787.

In determining whether the claimant's failure was intentional or the result of conscious indifference, we look to the
knowledge and acts of the party seeking relief. Tesch, 28 S.W.3d at 787; Nguyen v. Kim, 3 S.W.3d 146, 151 (Tex.
App.-Houston [14th Dist.] 1999, no pet.). An accident or mistake in this context is generally characterized by the
claimant's inadequate knowledge of the facts or by an unexpected happening that precludes compliance. Tesch, 28 S.W.3d
at 787; Finley, 19 S.W.3d at 539; Nguyen, 3 S.W.3d at 151. Conscious indifference, however, means failing to take some
action that would seem indicated to a person of reasonable sensibilities under similar circumstances. Tesch, 28 S.W.3d at
787; Finley, 19 S.W.3d at 539; Nguyen, 3 S.W.3d at 151. 

On appeal, appellant argues that she believed she had "substantially complied" with the expert report requirement, and that
a mistaken belief concerning compliance with the requirement is sufficient to trigger the section 13.01(g) mandatory grace
period. In support, appellant cites Horsely-Layman, 968 S.W.2d at 536 (plaintiff's mistaken belief that providing an expert
report concerning one of two defendant physicians was sufficient to satisfy the requirements of section 13.01 was a
"mistake" under section 13.01(g); trial court erred in refusing to grant an extension). However, this is not what appellant
argued in the trial court.

At the hearing on the motion to dismiss, appellant's counsel admitted that Dr. Ghraowi's letter did not meet the
requirements of section 13.01. He informed the trial court that he had already obtained a report from another expert, but
that his work on another case prevented him from providing the expert report as required. Counsel further stated that he
thought Dr. Ghraowi's letter would suffice for settlement purposes. In his affidavit, appellant's counsel stated:

the need to settle this case was discussed and I thought that it was understood that if we kept the expense of discovery low
that a settlement might be possible under the policy limits. . . . Because of the nature of the case being one that involved
the failure of Dr. Swan to disclose the x-ray results and the fact that Dr. Ghraowi's records and letter had been provided, I
was under the belief that we would continue to work on the resolution of the case. But for my mistaken belief and the fact
that I have been in a jury trial for over two months, I would have requested an extension and obtained a report that
complied with all of the technical requirements of the statute. . . .

This Court addressed a somewhat similar situation in Tesch, in which the plaintiff's counsel mistakenly believed that a
proposed scheduling order provided for an extension of time. Tesch, 28 S.W.3d at 785. However, the order was not signed
as required by section 13.01(h), and in fact, did not even mention the section 13.01 deadline for filing the expert report. Id.
In upholding the trial court's refusal to grant an extension under section 13.01(g) and its dismissal of the case, we stated:

The issue in this case comes down to whether appellant's counsel's belief that the existence of the unsigned proposed
scheduling order excused her from timely filing the expert report as required by section 13.01(d) constitutes an acceptable
mistake such that the trial court abused its discretion in disallowing the thirty-day grace period allowed by section 13.01(g)
and dismissing the case with prejudice. . . . Even if the proposed scheduling order had explicitly extended the deadline for
filing the expert report, appellant's counsel was not justified in relying on it given the Act's explicit requirement that any
agreement between the parties to extend the section 13.01(d) deadline must be in writing and signed by both parties or their
counsel and filed with the court. No "person of reasonable sensibility under similar circumstances" would rely on an oral
agreement to extend the expert report deadline.

Id. at 789 (quoting Finley, 19 S.W.3d at 539). 

The issue in the instant case is whether appellant's counsel's belief that Dr. Ghraowi's letter, which he admitted was
insufficient to satisfy the requirements of 13.01(d), was sufficient for settlement purposes constitutes a mistake triggering a
mandatory thirty-day grace period for filing a proper expert report. We hold it is not. As in Tesch, no person of reasonable
sensibility under similar circumstances would rely on an inadequate expert report to preserve his right to litigate his case
merely because he thought a settlement might be reached. 

We note there is a recent opinion in which this Court reversed a trial court's decision to dismiss a medical malpractice
action for failure to timely file an expert report. However, that case is distinguishable from the instant case. In Gutierrez v.
Walker, 50 S.W.3d 61, 63 (Tex. App.-Corpus Christi 2001, no pet.), the plaintiff filed expert reports that her counsel
thought complied with section 13.01(d). This Court reversed, finding that counsel's mistake as to the requirements of a
proper expert report constituted a mistake, and that the trial court abused its discretion in refusing to grant the plaintiff a
thirty-day grace period. Id. at 64-66.

Here, appellant's counsel admitted that he knew Dr. Ghraowi's letter was insufficient, and that he failed to file a proper
expert report because he thought the case would settle and wanted to keep costs down. We cannot say that appellant
negated conscious indifference as a matter of law. Therefore, we hold the trial court did not abuse its discretion in (1)
finding that appellant's failure to timely file an expert report was not due to accident or mistake, or in (2) refusing to grant a
thirty-day grace period in which to file a proper report. Appellant's first, second, and third issues are overruled.

D. Dismissal of Fraud Claim

In her fourth issue, appellant argues that, even if the dismissal was not an abuse of discretion, it was proper only as to her
negligence claims, not as to her fraud claim. Appellant's fraud claim is based on her allegation that Dr. Swan intentionally
and willfully failed to disclose the x-ray results, or intentionally misrepresented the results, with the intent to induce Mr.
Smith to undergo hip replacement surgery, resulting in income for Dr. Swan.

The Act governs all health care liability claims, which are defined as causes of action "against a health care provider or
physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care or health
care or safety which proximately results in injury to or death of the patient, whether the patient's claim or cause of action
sounds in tort or in contract." Tex. Rev. Civ. Stat. Ann. art. 4590i, § 1.03(4) (Vernon Supp. 2002). 

A plaintiff may assert a claim for common-law fraud that is not governed by the Act. See Shannon v. Law-Yone, 950
S.W.2d 429, 436 (Tex. App.-Fort Worth 1997, pet. denied) (plaintiff's claims that physician fraudulently detained him in
psychiatric treatment facility were not governed by the Act). However, Texas courts have repeatedly held that a plaintiff
cannot recast a health care liability claim in the language of another cause of action to circumvent the statute's purposes.
Gormley v. Stover, 907 S.W.2d 448, 450 (Tex. 1995); Walden v. Jeffery, 907 S.W.2d 446, 448 (Tex. 1995); Sorokolit v.
Rhodes, 889 S.W.2d 239, 242 (Tex. 1994); Hart v. Wright, 16 S.W.3d 872, 877 (Tex. App.-Fort Worth 2000, pet.
denied);Waters ex rel. Walton v. Del-Ky. Inc., 844 S.W.2d 250, 259 (Tex. App.-Dallas 1992, no writ) . In determining
whether a plaintiff has attempted to do so, we review the underlying nature of the cause of action. Sorokolit, 889 S.W.2d at
242. If the cause of action is based on the physician's breach of the accepted standard of medical care, the cause of action is
nothing more than a health care liability claim, no matter how a plaintiff labels it. Gormley, 907 S.W.2d at 450; Hart, 16
S.W.3d at 877-78 (assertion of fraud and breach of fiduciary duty stemming from alleged non-disclosure of status of
emergency room physicians were "simply . . . claim[s] resulting from a breach of the accepted standard of care," and as
such were health care liability claims subject to the Act); Savage v. Psychiatric Inst., 965 S.W.2d 745, 751 (Tex. App.-Fort
Worth 1998, pet. denied) (alleged fraud claim was really health care liability claim because it arose from care received at
medical facility). An appellate court should examine whether there are any independent factual allegations supporting
fraud other than those that relate to the medical malpractice claim. See Hart, 16 S.W.3d at 878.

In the instant case, the crux of appellant's claim is that Dr. Swan departed from the accepted standard of care in failing to
disclose the x-ray results. There are no independent factual allegations supporting fraud other than those relating to the
medical malpractice claim. Therefore, we conclude the case is a health care liability claim, even though appellant has
pleaded fraud as well as negligence. As we recently stated in another case, "we cannot see how this [fraud] claim amounts
to anything other than a claim that the doctor failed to adhere to professional standards of conduct in his treatment of [the
patient]." Gomez v. Diaz, 57 S.W.3d 573, 581 (Tex. App.-Corpus Christi 2001, no pet.). Therefore, we hold the trial court
did not abuse its discretion in dismissing appellant's fraud cause of action. Appellant's fourth issue is overruled.

We affirm the trial court's order of dismissal.

FEDERICO G. HINOJOSA

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

28th day of February, 2002.

1. It is undisputed that Dr. Ghraowi's letter did not meet the requirements of an expert report under section 13.01. See Tex.
Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d), (l) (Vernon Supp. 2002); see also Amer. Transitional Care Ctrs. of Tex., Inc. v.
Palacios, 46 S.W.3d 873, 875 (Tex. 2001) (to constitute a good faith effort to provide a fair summary of an expert's
opinions under section 13.01(l), an expert report must discuss the standard of care, breach, and causation with sufficient
specificity to inform the defendant of the conduct the plaintiff has called into question and to provide a basis for the trial
court to conclude that the claims have merit).

2. We note there is also a thirty-day extension available under section 13.01(f). However, section 13.01(f) has been
interpreted as extending the timetable only thirty days from the original 180 days; it must be requested within 210 days
after the filing of the lawsuit. See Tesch v. Stroud, 28 S.W.3d 782, 786 (Tex. App.-Corpus Christi 2000, pet. denied). Here,
appellant did not file her request for an extension of time until after the 210th day. Thus, the section 13.01(f) extension is
not at issue.