NO. 12-01-00328-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


CORVETTA Y. DANIEL, BY HER NEXT
§
 APPEAL FROM THE 241ST

FRIEND, BEVERLY JONES,

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


TIMOTHY L. BECK, M.D. AND TRINITY

MOTHER FRANCES HEALTH SYSTEM,

APPELLEES
§
 SMITH COUNTY, TEXAS

 

 Appellant Corvetta Y. Daniel, by her next friend, Beverly Jones, appeals the trial court's
dismissal of her claims against Appellees Timothy L. Beck, M.D. and Trinity Mother Frances Health
System. Daniel raises two issues on appeal. We affirm. 


Background

 On January 12, 1999, Corvetta Daniel ("Daniel") underwent surgery on her left foot at Trinity
Mother Frances Hospital ("TMFH") to remove a foreign object. Dr. Timothy Beck ("Dr. Beck") was
the attending physician. Daniel's right foot was prepared for surgery, and Dr. Beck made an incision
on her right foot to remove the object. Dr. Beck soon realized that he had opened the wrong foot and
closed the incision on Daniel's right foot. Daniel's left foot was then prepared for surgery and Dr.
Beck successfully removed the object.

 On January 16, 2001, Corvetta Daniel, through her next friend, Beverly Jones, brought a
medical malpractice action against Dr. Beck and TMFH. In support of her allegations and in order
to comply with the requirements of the Medical Liability and Insurance Improvement Act (1) ("the
Act"), Daniel filed an expert report prepared by Dr. Martin M. Pomphrey, Jr. with the district clerk
on April 17, 2001. Although Daniel's counsel filed the report with the district clerk, he failed to
attach Dr. Pomphrey's curriculum vitae and also failed to provide a copy of the report and
curriculum vitae to counsel for Dr. Beck and TMFH. Believing that Daniel had failed to provide any
report and curriculum vitae, Dr. Beck and TMFH filed motions to dismiss. In response, Daniel filed
a "Motion for Extension of Time to File Expert Report," contending that she was entitled to a thirty-day grace period in which to file Dr. Pomphrey's curriculum vitae and provide a copy of his report
and curriculum vitae to counsel for Dr. Beck and TMFH because her failure to file the curriculum
vitae and provide the documents to defense counsel was not the result of conscious indifference, but
was the result of a mistake.

 On September 6, 2001, the trial court held a hearing on Dr. Beck's and TMFH's motions to
dismiss. The trial court granted the motions and denied Daniel's motion for extension of time. 
Daniel now appeals, raising two issues. (2) 


Adequacy of Expert Report

 In her first issue, Daniel argues that the trial court abused its discretion in dismissing her case
because the expert report she filed with the court complied with the Act's requirements.

Requirements for Expert Reports

 In medical malpractice cases, plaintiffs must, within 180 days, either provide each defendant
physician and healthcare provider with an expert report and the expert's curriculum vitae, or nonsuit
the claims. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d) (Vernon Supp. 2002). An "expert
report" is defined as a written report that provides a fair summary of (1) the expert's opinions as of
the date of the report regarding applicable standards of care, (2) the manner in which the care
rendered by the physician or healthcare provider failed to meet the standards, and (3) the causal
relationship between that failure and the injury, harm, or damages claimed. Id. § 13.01(r)(6). If a
plaintiff fails within the time allowed to provide the expert reports and curriculum vitae, or to
nonsuit the case, the trial court must sanction the plaintiff by dismissing the case with prejudice,
awarding costs and attorney's fees to the defendant, and ordering the forfeiture of any applicable cost
bond necessary to pay that award. Id. § 13.01(e). If a plaintiff timely provides a defendant with a
document that he or she believes is an appropriate expert report, the defendant can move to challenge
the adequacy of the expert report and argue that the report does not represent a good faith effort to
comply with the statutory requirements for an expert report. To constitute a good-faith effort, the
report must inform the defendant of the specific conduct the plaintiff has called into question and
provide a basis for the trial court to determine that the claims have merit. American Transitional
Care v. Palacios, 46 S.W.3d 873, 879 (Tex. 2001). A report that only states the expert's conclusions
about the standard of care, breach, and causation does not fulfill these two purposes. Id. Nor can
a report meet these purposes and thus constitute a good faith effort if it omits any of the statutory
requirements. Id. The court should look no further than the report in conducting a good faith
inquiry. Id. at 878. If a trial court determines that an expert report does not meet these statutory
requirements and the plaintiff's time for filing a report has passed, the court must dismiss with
prejudice the claims against the defendant who challenged the report. Id. § 13.01(e). A trial court's
determination regarding the adequacy of an expert report will be reviewed under an abuse of
discretion standard. See Palacios, 46 S.W.3d at 877.

Report of Dr. Martin M. Pomphrey, Jr.

 In order to comply with the Act's requirements, Daniel submitted the report of Dr. Martin
M. Pomphrey, Jr., a board certified orthopedic surgeon. Before he wrote the report, Dr. Pomphrey
reviewed the preoperative, operative, and postoperative notes Dr. Beck dictated to document his
treatment of Daniel's condition. Dr. Pomphrey noted that an "error was made and a surgical
approach was made on the wrong foot."

 Dr. Pomphrey opines that


 [o]perating on the wrong extremity or wrong site is certainly an error and would constitute a breach
of the standard of medical care. On the other hand, there was no tissue removed, no loss of limb, and
I would expect no permanent damage or impairment to result from a small incision on the incorrect
foot. I therefore feel that it would be difficult to make much of a case out of this particular 

 event. . . . I think this case would have very little merit. 



 Dr. Pomphrey's report adequately addresses the standard of care and the manner in which
Dr. Beck's treatment failed to meet that standard when he "operat[ed] on the wrong extremity or
wrong site." However, Dr. Pomphrey does not discuss the third element of an adequate expert
report: the causal relationship between Dr. Beck's conduct and Daniel's injury, harm or damages
claimed. In fact, Dr. Pomphrey's opinion omits any mention of Daniel's alleged injury. His report
establishes only that no damages were sustained, and we cannot presume that damages were
sustained when there is no expert opinion on any causal connection between the breach of the
standard of care and damages. An opinion solely addressing a breach of the standard of care is
inadequate. Dr. Pomphrey's report fails to state any causal relationship between Dr. Beck's failure
to meet those standards of care and Daniel's injury, harm, or damages claimed; therefore, it cannot
be considered a good-faith effort to comply with the statutory requirements for expert reports. See
Palacios, 46 S.W.3d at 879. Daniel's first issue is overruled.


Denial of Extension of Time to File Supplemental Report

 Daniel contends that the trial court erred in denying her an extension of time to file a
supplemental report that adequately addresses the Act's expert report requirements. We review the
trial court's decision to deny a request for a grace period under an abuse of discretion standard. 
Marquez v. Providence Mem. Hosp., 57 S.W.2d 585, 590 (Tex. App.-El Paso 2001, no pet.);
Hargrove v. Denno, 40 S.W.3d 714, 716 (Tex. App.-San Antonio 2001, no pet.).

 The defendants argue that once a claimant files a report, no other supplemental reports can
be filed in order to constitute a good-faith effort to comply with the Act's requirements. We
disagree. 

 The Dallas, Waco, and Eastland courts have all held that a claimant can cure a deficient
report if he or she seeks an extension of time to comply with the Act's requirements. See Whitworth
v. Blumenthal, 59 S.W.3d 393, 400 (Tex. App.-Dallas 2001, pet. dism'd by agr.); Hightower v.
Saxton, 54 S.W.3d 380, 385 (Tex. App.-Waco 2001, no pet.); Richburg v. Wolf, 48 S.W.3d 375,
378-79 (Tex. App.-Eastland 2001, no pet.). In light of the supreme court's holding in Palacios, we
agree with these courts. In Palacios, the court held that a trial court's determination regarding the
inadequacy of an expert report will be reviewed under an abuse of discretion standard. See Palacios,
46 S.W.3d at 877. If an expert report does not put the defendant or the trial court on notice of the
conduct complained of, section 13.01(l) affords the trial court no discretion but to conclude that the
report does not represent a good-faith effort to provide a fair summary of the standard of care and
how it was breached, as section 13.01(r)(6) requires. Id. at 880. Palacios therefore holds that if a
report is not found to be a "good-faith effort" to comply with the statutory requirements for expert
reports, that is the same as if the plaintiff had filed no report at all because the inadequate report does
not meet the definition of an "expert report." See Whitworth, 59 S.W.3d at 399 (holding that if a
report does not adequately set forth the elements required by statute, it is not, by definition, an
"expert report").

 If a plaintiff does not adequately comply with the statutory requirements regarding expert
reports, he has three avenues to seek more time to comply with the statute and provide a good-faith
effort to comply with the Act's requirements. Under subsection (f), the trial court may extend the
180-day period for filing an expert report for an additional thirty days if the motion is filed before
the end of the 180-day period and, after a hearing, the trial court finds there is good cause to grant
the extension. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(f). Subsection (h) allows parties to
make an enforceable, binding agreement to extend the 180-day period if the agreement is reduced
to writing, signed and filed with the trial court. Id. § 13.01(h). A plaintiff can also seek additional
time to meet the requirements for an expert report under subsection (g), which states:


 Notwithstanding any other provision of this section, if a claimant has failed to comply with a deadline
established by Subsection (d) of this section and after a hearing the court finds that the failure of the
claimant or the claimant's attorney was not intentional or the result of conscious indifference but was
the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the
claimant to comply with that subsection. A motion by a claimant for relief under this subsection shall
be considered timely if it is filed before any hearing on a motion by a defendant under Subsection (e)
of this section.



Id. at § 13.01(g). 

 In the case at bar, before the hearing on the defendants' motions to dismiss but 231 days after
the lawsuit was filed, Daniel filed her motion for a thirty-day grace period pursuant to subsections
(f) and (g) of section 13.01. Under subsection (f), a motion filed more than 210 days after the date
the lawsuit was filed is not timely. See Whitworth, 59 S.W.3d at 397; Landry v. Ringer, 44 S.W.3d
271, 274 (Tex. App.-Houston [14th Dist.] 2001, no pet.). Accordingly, Daniel's motion, to the
extent it seeks relief under subsection (f), was untimely because it was filed more than 210 days after
she filed her lawsuit.

 Daniel further contends that pursuant to subsection (g), she should have been allowed a
thirty-day grace period to file a supplemental expert report. A motion for a grace period under
subsection (g) is timely if it is filed before a hearing on a motion to dismiss. Tex. Rev. Civ. Stat.
Ann. art. 4590i, § 13.01(g). Daniel's motion for a subsection (g) grace period was filed one day
before the hearing on the defendants' motions to dismiss; therefore, it was timely filed. We now
focus on whether Daniel's failure to provide an adequate report was not intentional or due to
conscious indifference but rather the result of an accident or mistake.

 In order for Daniel to prevail on her subsection (g) motion and be entitled to a thirty-day
grace period to file an adequate report, she had to demonstrate that her failure or her attorney's
failure to comply with the Act's requirements was accidental and not the result of conscious
indifference. Id. To make the required showings, Daniel had to support her argument with evidence. 
Landry, 44 S.W.3d at 275. 

 Daniel's motion merely states that her failure to comply with the requirements was not the
result of conscious indifference or "malicious intentions" but does not state the reason she did not
file an adequate report. Daniel also omits any mention of a mistake in her brief and does not point
to anywhere in the record to demonstrate that either she or her attorney was mistaken about the Act's
requirements for expert reports. Id. at 276; see also Gutierrez v. Walker, 50 S.W.3d 61 (Tex.
App.-Corpus Christi 2001, pet. granted). Therefore, we find that no evidence was offered by Daniel
to support her contention that her failure to file an adequate report was the result of an accident and
was not due to conscious indifference. 

 Assuming, arguendo, that the court were to find that Daniel was entitled to a thirty-day grace
period in which to file Dr. Pomphrey's curriculum vitae and make his expert report complete, the
report would still be inadequate because it does not address the causal connection between the breach
of the standard of care and any injuries Daniel suffered. Accordingly, Daniel failed to establish that
the trial court abused its discretion in dismissing the case. Daniel's second issue is overruled.

 The judgment of the trial court is affirmed.


 JIM WORTHEN 

 Justice



Opinion delivered October 9, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.































(DO NOT PUBLISH)
1. Tex. Rev. Civ. Stat. Ann. art. 4590i (Vernon Supp. 2002).
2. Daniel presents three issues for review in her brief; however, the body of her argument only addresses two
of those issues. Therefore, we will address the two issues properly raised: (1) whether the expert report was
sufficient and (2) whether she should have been granted an extension of time to supplement her expert report. See
Tex. R. App. P. 38.1(h); Larson v. Family Violence & Sexual Assault Prevention Ctr. of S. Tex., 64 S.W.3d 506,
512 (Tex. App.-Corpus Christi 2001, no pet.)