Cause No









Cause No. 14-04-00708-CV Reversed and Remanded; Cause
No. 14-04-00845-CV Dismissed as Moot; and Majority and Dissenting Opinions
filed June 2, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00708-CV

____________

 

SANDHYA-RANI MOKKALA, M.D., JEFFREY D. CARTER, D.O., AND 

ARLINGTON ORTHOPEDIC ASSOCIATES, P.A., Appellants

 

V.

 

JAMES F.
MEAD, JR., AND DIANE P. MEAD, INDIVIDUALLY AND AS NEXT FRIENDS OF JAMES
FRANKLIN MEAD, III, ROBERT MEAD, AND 

THOMAS MEAD, MINORS, Appellees

_________________________________________________________________

 

On Appeal from the 333rd District Court

Harris County, Texas

Trial Court Cause No. 04-23671

_________________________________________________________________

 

NO. 14-04-00845-CV

____________

 

SANDHYA-RANI MOKKALA, M.D., Appellant

 

V.

 

JAMES F. MEAD, JR., AND
DIANE P. MEAD, INDIVIDUALLY AND AS NEXT FRIENDS OF JAMES FRANKLIN MEAD, III,
ROBERT MEAD, AND 

THOMAS MEAD, MINORS, Appellees

_________________________________________________________________

 

On Appeal from the 333rd District Court

Harris County, Texas

Trial Court Cause No.
03-64427

_________________________________________________________________

 








D I S S E N T I N G   O P I N I O N

I respectfully dissent to the
majority=s
reversal as to cause number 14-04-00708-CV because the trial court strictly
applied precedent and the statute as written by the Texas Legislature.  Accordingly, I cannot conclude that the trial
court abused its discretion by denying appellant=s motion
to dismiss.

Appellant=s motion
to dismiss was, in reality, a request for the trial court to impose the
proverbial death penalty on appellees. 
This court should exercise great caution before concluding that the
trial court acted unreasonably, arbitrarily, or without reference to any
guiding principles.  See Rittmer v.
Garza, 65 S.W.3d 718, 721-22 (Tex. App.CHouston
[14th Dist.] 2001, no pet.).  

The trial court applied section
74.351(a) strictly as written by the Texas Legislature.  Tex.
Civ. Prac. & Rem. Code Ann. '
74.351(a)(Vernon Pamph. 2004-05).  The
statute merely expresses that the claimant shall, Anot later
than the 120th day after the date the claim was filed, serve . . . one
or more expert reports . . .@  Id.  In contrast, the majority has added a word
that the legislature did not include.  
The statute does not express that the 120-day period for serving expert
reports begins on the date the claim was first filed.   








Moreover,  the majority mistakenly relies on Puls v.
Columbia Hospital at Medical City Dallas Subsidiary, L.P., 92 S.W.3d 613
(Tex. App.CDallas 2002, pet. denied) to
support its conclusion that the 120-day period began when appellees first filed
the 2003 case.  Puls is distinguishable.  In Puls, the Dallas court of appeals
was construing similar language in the predecessor health care liability
statute.  The claimants in Puls
were prosecuting more than one health care liability claim in the same
suit.  The Dallas court of appeals
properly concluded that the Aamendment
of a petition to add a new claim constitutes filing of that claim.@  Id. at 618.  Succinctly, the proper deduction from the
ruling in Puls is as follows:  the
120-day period for a health care liability claim begins on the day a claimant
files suit and asserts that particular health care
liability claim within the pleadings. 
Otherwise, a claimant might find himself barred from adding a
meritorious new claim to an existing lawsuit simply because of the passing of
120 days from the date suit was first filed. 
I respectfully submit that the Dallas court was appropriately
eliminating an unintended procedural trap for the claimant. 

Here, the majority creates a trap
for the claimant, who should be allowed to reasonably rely on the procedural
safeguards afforded under Rule 162,
Texas Rules of Civil Procedure.  To
eliminate the procedural safeguard, the majority describes a Apurported
conflict@ between
the application of section 74.351(a) and Rule 162 where none exists.  By creating a conflict, the majority can
neatly dispose of Rule 162 by deferring to the statute.  See Tex.
Civ. Prac. & Rem. Code. Ann. '
74.002(a) (Vernon Pamph. 2004B05)
(stating Chapter 74 controls to the extent it conflicts with another law).  In a footnote, the majority refers to
language in the predecessor statute permitting a plaintiff to non-suit an
action if he fails to timely furnish an expert report.  See Act of May 5, 1995, 74th  Leg., R.S., ch. 140, ' 1, sec.
13.01 (d) (2), (n), 1995 Tex. Gen. Laws 985, 986, 987 repealed 2003).  Cf. Tex.
Civ. Prac. & Rem. Code Ann. '
74.351(a).  Notwithstanding inferences
the majority has drawn from legislative history, it is my considered opinion
that there is no conflict between the statute and the rule.  Obviously, when the legislature enacted a
comprehensive overhaul of health care liability in Texas, it could have
expressly eliminated the claimant=s
procedural safeguard of a Rule 162 non-suit without prejudice, but it did not. 








Until today, no appellate court
in Texas has concluded that a health care liability claimant who files a
non-suit without prejudice may not be returned to status quo ante without
prejudice to initiate another suit.  On
the contrary, under similar facts, our sister court in Corpus Christi concluded
that the trial court erred when it dismissed the second case after a claimant
filed a non-suit without prejudice in the first case.  Martinez v. Lakshmikanth, 1 S.W.3d 144
(Tex. App.CCorpus Christi 1999, pet.
denied).  Importantly, in Martinez,
the 180-day period prescribed in the predecessor statute expired before the
plaintiff filed a non-suit.  See Tex. Rev. Civ. Stat. Ann. art. 4590i, '
1301(d)(2).  The Corpus Christi court
correctly concluded that the defendant waived his right to a remedy
under the statute by not seeking dismissal after expiration of the 180-day
period.  Id. at 148.  Instead, the court acknowledged that Rule 162
controlled.  Id. at 149.  In other words, under the former act, medical
malpractice claimants could avail themselves of the benefits of Rule 162 even
when they failed to timely file a non-suit before expiration of the 180-day
period.  The legislature enacted painstaking
reform of health care liability in Texas. 
The tactical benefit afforded all litigants under Rule 162, Texas Rules
of Civil Procedure, was not addressed. 
Accordingly, I respectfully disagree with the conclusion of the majority
that the legislature intended to preclude litigants from exercising the right
to file a non-suit without prejudice as prescribed by Rule 162 when it enacted
House Bill 4.  

It is my considered opinion that
health care liability defendants are adequately protected through statutory
entitlement to a dismissal with prejudice if a motion is timely filed before
claimants file a non-suit.  Tex.
Civ. Prac. & Rem. Code Ann. ' 74.351
(b) (2) (Vernon Pamph. 2004B05).  Moreover, in consideration of the undisputed
chronology of events, I would not engage in an analysis of legislative history
to support the conclusion that the trial court acted arbitrarily or without
reference to guiding principles.

Accordingly, I respectfully
dissent.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Majority and Dissenting Opinions filed June 2,
2005.

Panel consists of Justices Edelman, Seymore, and Guzman.  (Guzman, J., majority.)