**Heidi C. HORSLEY–LAYMAN and Jeremy Roy Layman, Appellants,**

v.

**Fernando S.M. ANGELES, M.D., Appellee.**

No. 06–97–00088–CV.

Court of Appeals of Texas, Texarkana.

Argued April 1, 1998.

Decided April 29, 1998.

---

Alfred W. Ellis, Howie & Sweeney, L.L.P., Dallas, for Appellant.

Diane Kay Shaw, Shaw & Shaver, Dallas, for Appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

OPINION

**ROSS, Justice.**

This is an appeal from the dismissal of a medical malpractice claim against appellee, Fernando Angeles, M.D., pursuant to Article 4590i, § 13.01(d) of the Medical Liability and Insurance Improvement Act.[1] The appellants bring two points of error, contending that the trial court erred in granting Dr. Angeles' motion to dismiss and contending that Article 4590i is unconstitutional because it restricts access to courts through the cost bond and expert report requirements.

*FACTS*

The appellants brought suit against Dr. Angeles and several other defendants on February 16, 1996, alleging that the defendants were negligent in the care and treatment of Heidi Horsley–Layman. When a malpractice suit is filed, Article 4590i requires that an expert opinion be filed within 180 days of the filing of the suit as to each physician-defendant, describing how each health provider breached the appropriate standard of care. In this case, the reports should have been filed by August 15, 1996. The appellants filed the required reports as to another defendant, Dr. Narayan, on June 20, 1996, but did not timely file any reports specifically addressing Dr. Angeles. The appellants claim that the reports filed addressing Dr. Narayan's alleged negligence were "impliedly critical" of Dr. Angeles.

On September 26, 1996, Dr. Angeles filed a motion to dismiss pursuant to Section 13.01(e), asserting that the appellants had not complied with the requirements of Section 13.01(d) since they failed to file the expert report as to him within 180 days of filing suit. The appellants sent an expert report to the appellee specifically addressing Dr. Angeles on October 21, 1996, approximately 246 days after filing suit. The trial judge orally granted Dr. Angeles' motion to dismiss on November 8, 1996, while the final orders to sever Dr. Angeles from the suit and dismiss the case against him were signed February 20, 1997, and May 7, 1997 respectively. This appeal was then taken.

1. TEX.REV.CIV. STAT. ANN. art. 4590i (Vernon Supp.

*ANALYSIS*

Section 13.01(d) of Article 4590i requires:

(d) Not later than the later of the 180th day after the date on which a health care liability claim is filed or the last day of any extended period established under Subsection (f) or (h) of this section, the claimant shall, for each physician or health care provider against whom a claim is asserted:

(1) furnish to counsel for each physician or health care provider one or more expert reports, with a curriculum vitae of each expert listed in the report; . . . .

Within this expert report, the complainant must include "a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." Art. 4590i, § 13.01(r)(6).

In the event the expert report is not filed within the 180–day time period, Section 13.01(e) allows the defendant to move for dismissal with prejudice.

There was no specific written report provided to the defendants regarding Dr. Angeles until well after the 180–day deadline. The appellants argue that they substantially complied with the requirements of Article 4590i because the reports provided in June 1996 were impliedly critical of Dr. Angeles. These reports do indeed opine that the diagnosis made by Dr. Narayan which led to surgery was incorrect and also that the surgery performed on Heidi Horsley–Layman was unnecessary. However, the reports never specifically mention Dr. Angeles, nor do they discuss how Dr. Angeles may have breached the standard of care required of a surgeon who performed this procedure.

The requirements of the statute are unambiguous. The appellants clearly failed to comply with the expert report requirement as to Dr. Angeles within the 180–day time period, and Dr. Angeles properly moved for dismissal with prejudice pursuant to that statute.

1998).

■ The appellants assert that, even if they failed to comply with the 180–day requirement, dismissal was improper because their failure to comply was not intentional or the result of conscious indifference, but was the result of accident or mistake. Therefore, the appellants argue, the trial court should have granted them an extension of the time period within which to file the report, as permitted under the statute. The appellants argue that the trial court abused its discretion by failing to grant such extension. Section 13.01(g) provides:

> (g) Notwithstanding any other provision of this section, if a claimant has failed to comply with a deadline established by Subsection (d) of this section and after hearing the court finds that the failure of the claimant or the claimant's attorney was not intentional or the result of conscious indifference but was the result of an accident or mistake, the court shall grant a grace period of 30 days to permit the claimant to comply with that subsection. A motion by a claimant for relief under this subsection shall be considered timely if it is filed before any hearing on a motion by a defendant under Subsection (e) of this section.

The statute does not define what constitutes intentional acts or conscious indifference, but the terms have been defined in the default judgment context. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). We assume the legislature intended that we construe these terms as they apply to the Act in a manner similar to their application in the default judgment context. *See also McClure v. Landis*, 959 S.W.2d 679, 681 (Tex.App.-Austin 1997, writ denied).

■ In determining whether there was intentional disregard or conscious indifference, we must look to the knowledge and acts of the party who has suffered the consequences of the error and now asks for relief. *Strackbein v. Prewitt*, 671 S.W.2d 37, 39 (Tex.1984). The burden of production clearly rests with the movant. *Carey Crutcher, Inc. v. Mid-Coast Diesel Servs., Inc.*, 725 S.W.2d 500, 502 (Tex.App.-Corpus Christi 1987, no writ).

In this case, the appellants filed a verified motion asserting their reasons for missing the deadline. No controverting evidence was filed by Dr. Angeles. Although the court's docket sheet shows that a hearing was held on the motion, this Court was not provided with any record of that hearing. Therefore, we test only the appellants' verified motion against the standards set out in the statute and construed by *Craddock* and its progeny.

■ According to the plain language of the statute, an extension of time must be granted if the requirements of Section 13.01(g) are met and if the verified motion sets forth facts which, if true, would negate intentional or consciously indifferent conduct. *Director, State Employees Workers' Compensation Div. v. Evans*, 889 S.W.2d 266, 268 (Tex.1994). Some excuse, but not necessarily a good excuse, is enough to warrant an extension of time to file the expert report, so long as the act or omission causing the failure to file the report was, in fact, accidental. *Jackson v. Mares*, 802 S.W.2d 48, 50 (Tex. App.-Corpus Christi 1990, writ denied).

The appellants' attorney asserts that an extension of time to file the expert report should have been granted because the attorney believed that he had substantially complied with the expert report requirement of Article 4590i when he provided reports specifically addressing another defendant that were "impliedly critical" of Dr. Angeles. His belief is sufficient to show that the failure to file a specific report regarding Dr. Angeles was not the result of conscious indifference or intentional conduct, but a mistake.

■ Unless the nonmovant specifically controverts the evidence presented by the movant regarding a mistaken belief, the movant prevails on the issue of mistake and the statutory provision allowing an extension of time is satisfied. *Evans*, 889 S.W.2d at 269; *Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex.1992); *McClure*, 959 S.W.2d at 681. The record is devoid of any evidence by Dr. Angeles which would controvert the appellants' mistaken belief that the reports supplied were sufficient to comply with the statutory requirements. We find that the trial court abused its discretion in not granting

the appellants an extension of time to file the required report.

■ In their second point of error, the appellants claim that Article 4590i is unconstitutional in that it violates the equal protection and due process provisions of both the United States and Texas Constitutions. Specifically, the appellants contend that, by imposing the burdens of filing a cost bond and an expert report, the statute restricts the initiation of medical malpractice claims. In order to determine if a statute denies a constitutional right to a litigant, we must analyze the statute using the criteria established by *Sax v. Votteler*, 648 S.W.2d 661 (Tex.1983). First, it must be shown that the litigant has a cognizable common-law cause of action that is being restricted. Second, the litigant must show that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Sax*, 648 S.W.2d at 666. Texas has long recognized a cause of action for negligent injury inflicted by a medical practitioner. *Humphreys v. Roberson*, 125 Tex. 558, 83 S.W.2d 311 (1935); *Bowles v. Bourdon*, 213 S.W.2d 713 (Tex.Civ.App.-Galveston 1948), *aff'd*, 148 Tex. 1, 219 S.W.2d 779 (1949). It is also true that Article 4590i requires a plaintiff in a malpractice action to comply with certain provisions of the statute in order to bring a malpractice suit. However, the question here is whether those requirements are unreasonable and arbitrary when balanced against the purpose and basis of the statute. The appellants contend that these requirements are an unreasonable financial burden.

Article 4590i was enacted to address the perceived problem that litigants were filing unmeritorious claims against medical practitioners which were not adequately investigated in a timely manner. This, it is said, led doctors to settle such suits, regardless of the merits, and also to expend great amounts of money on defending against ultimately "frivolous claims." HOUSE COMM. ON CIVIL PRACTICES, BILL ANALYSIS, Tex. H.B. 971, 74th Leg., R.S. (1995).

The appellants offer no argument as to why the requirements for a cost bond and an expert report result in an unreasonable financial burden which is significantly different than the cost of pursuing a medical malpractice claim generally or such that the burden imposed outweighs the purpose of the statute. Furthermore, the appellants offer no evidence to establish that these requirements impeded their own claim. It is never asserted that the appellants failed to file an expert report as to Dr. Angeles because they did not have the financial resources to procure such a report. Rather, the appellants simply argue that they thought the reports which had already been provided covered Dr. Angeles. Ultimately, the appellants did provide a report specific to Dr. Angeles, and we have no evidence before this Court which demonstrates that the appellants had any financial difficulties in providing that report. The constitutional challenge is overruled.

Because the trial court abused its discretion in not granting the appellants an extension of time to file the required report, we find it was error to grant Dr. Angeles' motion to dismiss. For this reason, this case is reversed and remanded for trial.