In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00064-CR
______________________________


ADRIAN MAYNARD LISTER, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 31041-B


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â A Gregg County grand jury indicted Adrian Maynard Lister for aggravated robbery,
to which he pled not guilty. A jury found him guilty of aggravated robbery and assessed
punishment at twenty years' confinement and a $5,000.00 fine. On May 18, 2004, the trial
court rendered judgment in accordance with the jury's verdict. Later that same day, Lister
and his attorney signed a waiver of Lister's right to move for a new trial and of his right of
appeal. The trial court's certification reflects Lister's waiver of this right. However, May 28,
2004, Lister filed a notice of appeal pro se. In this notice of appeal, he attempts to
"withdraw" his waiver because he was "confused" about his rights at the time. 
Trial Court's Certification of Right of Appeal
Â Â Â Â Â Â Â Â Â Â In criminal cases, the trial court must enter a certification of the defendant's right of
appeal in every case in which it enters a judgment of guilt or other appealable order. Tex.
R. App. P. 25.2(a)(2). Unless a certification, showing that a defendant has the right of
appeal, is in the record, we must dismiss the appeal. See Tex. R. App. P. 25.2(d);
Threadgill v. State, 120 S.W.3d 871, 872â73 (Tex. App.âHouston [1st Dist.] 2003, no
pet.).
Waiver of Right of Appeal
Â Â Â Â Â Â Â Â Â Â The record confirms the trial court's certification. A valid waiver of appeal, one
made voluntarily, knowingly, and intelligently, will prevent a defendant from appealing
without the trial court's permission. Monreal v. State, 99 S.W.3d 615, 617 (Tex. Crim. App.
2003). The Texas Court of Criminal Appeals has long held that a non-plea-bargaining
defendant can make a valid waiver of the right of appeal so long as it is done after the trial
court has completed sentencing. See Blanco v. State, 18 S.W.3d 218, 219â20 (Tex. Crim.
App. 2000); Ex parte Tabor, 565 S.W.2d 945, 945â46 (Tex. Crim. App. 1978).


 The state
need not receive some benefit before the waiver of the right to appeal is binding on a
defendant. See Monreal, 99 S.W.3d at 624 (Johnson, J., concurring). Where a valid
waiver exists, regardless of whether there was a plea agreement with the state, a
defendant who wishes to appeal must either receive the permission of the trial court or
prove to the court of appeals that the waiver was coerced or involuntary. See Tabor, 565
S.W.2d at 946; Hurd v. State, 548 S.W.2d 388, 389â90 (Tex. Crim. App. 1977); Bouchillon
v. State, 540 S.W.2d 319, 321 (Tex. Crim. App. 1976).
Â Â Â Â Â Â Â Â Â Â The record shows that Lister signed the waiver voluntarily, knowingly, and
intelligently. It does not prove to this Court that the waiver was involuntary or coerced and
does not show that the trial court gave Lister permission to appeal. On May 18, the trial
court sentenced Lister in accordance with the jury's recommendation delivered at 3:33 p.m. 
The trial court explained Lister's right of appeal and the consequences of his waiver of that
right. Then, Lister, his attorney, and the trial court signed the waiver wherein Lister
acknowledged he had been "fully informed by his attorney and by the Judge . . . that he
[had] the legal right of appeal" and was "fully aware of all of his statutory and constitutional
rights." From the record, it appears Lister voluntarily, knowingly, and intelligently signed
the nonnegotiated waiver after the trial court imposed sentence. We do not find in the 
record where the trial court granted Lister permission to withdraw such a waiver. The most
recent statement of Lister's right of appeal is the trial court's certification of his right of
appeal which, again, reflects the waiver. The record supports the conclusion in the trial
court's certification: Lister waived his right of appeal.
Conclusion
Â Â Â Â Â Â Â Â Â Â The record confirms the trial court's certification that Lister waived his right of
appeal. Since the record does not contain the trial court's certification showing Lister has
the right of appeal, we dismiss Lister's appeal for want of jurisdiction. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â June 24, 2004
Date Decided:Â Â Â Â Â Â Â Â Â June 25, 2004

Do Not Publish



atement that most surgeons would have instituted a diagnostic evaluation for bile
peritonitis between March 9, 1998 and March 13, 1998, due to Moore's developed abdominal pain
and increased need for narcotics and that Sutherland's failure to do so was below that standard of
care is not a conclusionary statement. It is an opinion containing specific facts.

 Sutherland and the Clinic rely on the Palacios and Wright cases to support their position that 
Meidema's report is inadequate. Bowie Mem'l Hosp. v. Wright, 79 S.W.3d 48; Am. Transitional
Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873. But the facts in those two cases are clearly
distinguishable from our case. For example, in Palacios there was no statement whatsoever in the
expert report as to what was the standard of care. There was only a statement that the medical care
rendered to Palacios was below the accepted and expected standard of care. There was no statement
of what care was expected but not given. Of course, that was insufficient.

 In Wright, our Supreme Court held that the expert report gave a fair summary of the standard
of care and the breach of that standard, but held that the report did not fairly summarize the causation
because the statement of causation was conclusionary. The statement of causation was "if the x-rays
would have been correctly read and the appropriate medical personnel acted on those findings then
Wright would have had the possibility of a better outcome." As noted by the Supreme Court, this
statement did not summarize the causal relationship between the hospital's failure to meet the
standard of care and the patient's injury because "the report simply opines that Barbara might have
had 'the possibility of a better outcome' without explaining how Bowie's conduct caused injury to
Barbara."

 In our case, Miedema's report charged Sutherland with negligence in failing to diagnose and
treat bile peritonitis. His report specifically stated what Sutherland should have done and what
happened because he failed to do it. The statement of causation is not a conclusion or a statement
of a mere possibility, as in the Wright case, but is a positive statement of fact: "Had the diagnosis
of bile peritonitis been made before discharge from the hospital, treatment would have prevented the
patient's death."

 Miedema's report did not charge Sutherland with a negligent or substandard method of
treatment. Rather, it charged that Sutherland's complete failure to diagnose and complete failure to
treat the bile peritonitis were below the standard of care, and that such failures caused Moore's death. 
We believe this report gives Sutherland and the Clinic fair notice of what Miedema considers the
standard of care, how Sutherland breached that standard, and how that breach caused Moore's death.

 We also find that the trial court erred in denying Moore's motion for an extension of time
under Section 13.01(g) because Moore established that the failure to file a complying report was
neither intentional nor the result of conscious indifference, but was the result of an accident or
mistake.

 We review the trial court's ruling on a motion for extension of time to file a complying report
under an abuse of discretion standard. See Doades v. Syed, 94 S.W.3d 664, 672 (Tex. App.-San
Antonio 2002, no pet.).

 Subsection (g) of Article 13.01 states:

 Notwithstanding any other provision of this section, if a claimant has failed to
comply with a deadline established by Subsection (d) of this section and after hearing
the court finds that the failure of the claimant or the claimant's attorney was not
intentional or the result of conscious indifference but was the result of accident or
mistake, the court shall grant a grace period of 30 days to permit the claimant to
comply with that subsection. A motion by a claimant for relief under this subsection
shall be considered timely if it is filed before any hearing on a motion by a defendant
under Subsection (e) of this section. 


Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(g). 


 According to the statute's plain language, an extension of time must be granted if the
requirements of Section 13.01(g) are met, and if the motion sets forth facts that, if true, would negate
intentional or consciously indifferent conduct. Horsley-Layman v. Angeles, 968 S.W.2d 533, 536
(Tex. App.-Texarkana 1998, no pet.) (citing Dir., State Employees Workers' Comp. Div. v. Evans,
889 S.W.2d 266, 268 (Tex. 1994)). Some excuse, but not necessarily a good excuse, is sufficient
to warrant an extension of time to file the expert report, so long as the act or omission causing the
failure to file the report was, in fact, accidental. Horsley-Layman v. Angeles, 968 S.W.2d at 536. 
With respect to Section 13.01(g), the movant has the burden to show some excuse of accident or
mistake to establish that he or she did not act "intentionally" or with "conscious indifference." Id.;
De Leon v. Vela, 70 S.W.3d 194, 200 (Tex. App.-San Antonio 2001, pet. denied). The trial court
abuses its discretion if it dismisses a case when the failure to file the expert report was not intentional
or the result of conscious indifference. Tex. Rev. Civ. Stat. Ann. art. 4590i, Â§ 13.01(g); Landry v.
Ringer, 44 S.W.3d 271, 275 (Tex. App.-Houston [14th Dist.] 2001, no pet.); Horsley-Layman v.
Angeles, 968 S.W.2d at 536. 

 Here, Moore included in her written response to the motion to dismiss, a request for an
extension of time under subsection (g). In this response, Moore asserted that, if her expert report
was inadequate, it was the result of her attorney's mistake in misunderstanding the requirements of
the statute. In the hearing on the motion for extension, Moore's attorney elaborated on his mistaken
understanding of the statutory requirements, and stated to the trial court that he filed his expert report
before the Texas Supreme Court rendered its opinion in the case of American Transitional Care
Centers of Texas, Inc. v. Palacios, 46 S.W.3d 973, and was therefore unaware of the requirements
for expert reports set out in that case. Because of his mistaken belief that the report he filed was
sufficient under the law, Moore's counsel urged the trial court to grant him an extension so he could
file an adequate report. Aside from Sutherland's and the Clinic's argument that the Palacios case did
not change the law, they did not controvert Moore's counsel's representations that he was mistaken
about the requirements of Tex. Rev. Civ. Stat. Ann art. 4590i, Â§ 13.01, or that his failure to file
what they contended was an adequate expert report was not the result of intentional disregard or
conscious indifference, but was an accident and mistake.

 Sutherland and the Clinic contend that Moore's counsel's statements to the trial court at the
hearing do not constitute evidence because the statements were not under oath. Normally, an
attorney's statements must be under oath to constitute evidence. Banda v. Garcia, 955 S.W.2d 270,
272 (Tex. 1997). This can be waived, however, by failing to object when the opponent of the
evidence knows or should know that an objection should be made. Id.; Knie v. Piskun, 23 S.W.3d
455, 463 (Tex. App.-Amarillo 2000, pet. denied). As in Banda v. Garcia and Knie v. Piskun, the
evidentiary nature of Moore's counsel's statements at the hearing was apparent. He was seeking to
prove that, if his expert report was inadequate, his act in filing the inadequate report was the result
of an accident or mistake, and was not in intentional disregard or conscious indifference of the law. 
We conclude that Sutherland's and the Clinic's failure to object to counsel's statements waived the
oath requirement.

 As noted earlier, the reason for failing to strictly comply with Section 13.01 need not
necessarily be a good excuse; some excuse will suffice so long as the act or omission was, in fact,
an accident or mistake. Landry v. Ringer, 44 S.W.3d at 275. And even admitted negligence on the
part of the party seeking an extension will not defeat his right to such an extension. Roberts v. Med.
City Dallas Hosp., Inc., 988 S.W.2d 398, 403 (Tex. App.-Texarkana 1999, pet. denied).

 Our courts have ruled that the terms "mistake or accident" and "conscious indifference"
should be construed similarly to their application in the default judgment context. Horsley-Layman
v. Angeles, 968 S.W.2d at 536; In re Rodriguez, No. 07-02-00335-CV, 2003 Tex. App. LEXIS 1644
(Tex. App.-Amarillo Feb. 20, 2003, no pet. h.). Various courts, including this one, have held that
an attorney's misunderstanding of the requirements of the law or of a specific statute, as well as
calendaring errors or faulty office procedures, are sufficient to show mistake or accident and a lack
of conscious indifference. In re Rodriguez, No. 07-02-00335-CV, 2003 Tex. App. LEXIS 1644, *3;
Knie v. Piskun, 23 S.W.3d at 462; Presbyterian Health Care Sys. v. Afangideh, 993 S.W.2d 319
(Tex. App.-Eastland 1999, pet. denied); Roberts v. Med. City Dallas Hosp., Inc., 988 S.W.2d at 403;
Horsley-Layman v. Angeles, 968 S.W.2d at 536.

 We conclude that Moore's counsel did not act with conscious indifference or intentional
disregard, but showed an accident or mistake, and thus was entitled to the thirty-day extension in
which to file a proper expert report. We note that, even though the trial court believed Moore had
not met the legal requirements of showing accident or mistake, he nevertheless felt that Moore
deserved an extension and attempted to grant her one. See In re Collom & Carney Clinic, 62 S.W.3d
924 (Tex. App.-Texarkana 2001, orig. proceeding).

 For all of the reasons stated, we reverse the judgment and remand the cause to the trial court
for further proceedings consistent with this opinion.



 William J. Cornelius

 Justice*


*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


Date Submitted: April 16, 2003

Date Decided: May 22, 2003