[JH1]         

 

 

 

 

                                      COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-06-066-CV

 

HEIDI C. HORSLEY-LAYMAN                                                 APPELLANT

 

                                                   V.

 

ADVENTIST HEALTH SYSTEM/SUNBELT, INC.                          APPELLEES

D/B/A
HUGULEY MEMORIAL MEDICAL CENTER,

KALMAN
S. NARAYAN, M.D., AND FERNANDO

S.M.
ANGELES, M.D.

 

                                              ------------

 

           FROM
THE 352ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

 

I.  Introduction

 








In this medical malpractice
case, appellant Heidi C. Horsley-Layman appeals the trial court=s order granting summary judgment to appellees Adventist Health
System/Sunbelt, Inc. d/b/a Huguley Memorial Medical Center, Dr. Kalman S.
Narayan, and Dr. Fernando S.M. Angeles based on judicial estoppel.  In three issues, appellant argues that fact issues
remain regarding the doctrine of judicial estoppel, the ostensible agency of
appellee Huguley, and appellant=s affirmative defense of waiver. 
We affirm.

II.  Background Facts and Procedural History

Appellant, a physician, filed
for Chapter 13 bankruptcy on November 30, 1992. 
Along with the filing, appellant and her husband signed several sworn
schedules under oath.  These schedules
reflected outstanding creditor claims totaling $337,180.71 and indicated that
appellant did not own any contingent or liquidated claims.  Appellant also swore in her Statement of
Financial Affairs that she was not a party to any lawsuit.  On September 21, 1993, the bankruptcy court
issued an Order Confirming Chapter 13 Plan, Value of Collateral and Allowing
Attorney Fees, which provided for appellant=s payments under the Chapter 13 plan.








At the suggestion of her
sister, Dr. Shelia Horsley, appellant visited Huguley Memorial Medical Center
on December 6, 1993 for gastrointestinal problems.  Appellant noticed no posting, notation, or
verbal instruction that the physicians practicing in the hospital were not
employed by the hospital, and appellant did not choose any of the physicians
that treated her.  Dr. Kalman S. Narayan
performed tests to determine the source of appellant=s problems and scheduled a gallbladder surgery for December 7,
1993.  Dr. Fernando S.M. Angeles
performed the surgery, which resulted in the complications that are the source
of this litigation.  Appellant developed
three hematomas due to the bleeding in her abdomen and as a result, experienced
seizures, incontinence, negative personality changes, and short-term memory
loss.  Because of these disabilities,
appellant could no longer maintain her physician=s practice.

On February 18, 1994, the
trustee in appellant=s Chapter 13
bankruptcy filed a motion to dismiss because appellant had fallen behind on the
payments required by her original Chapter 13 plan.  In response, on April 4, 1994, appellant
filed a motion to abate the original plan payments.  In this motion, appellant described the
injuries she sustained from the 
gallbladder surgery.  On May 3,
1994, the bankruptcy court, noting that abatement was in the best interest of
all parties because of appellant's catastrophic illness, granted the abatement
motion.[1]

On September 19, 1995, after
appellant continued to miss payments, the bankruptcy trustee filed a second
motion to dismiss, and the bankruptcy court granted it.  Appellant then filed a motion for rehearing
of the dismissal, and the bankruptcy court reinstated the proceedings on
October 24, 1995, after determining that appellant cured the deficiencies in
the plan payments.








Based on the injuries
appellant suffered as a result of her gallbladder surgery, appellant filed suit
against appellees on February 16, 1996. 
The case against Dr. Angeles was appealed twice over the next five
years.  See Horsley-Layman v. Angeles,
968 S.W.2d 533 (Tex. App.CTexarkana
1998, no pet.) (reversing the trial court=s dismissal of appellant=s claims against Dr. Angeles)[2];
Horsley-Layman v.  Angeles, 90
S.W.3d 926 (Tex. App.CFort Worth
2002, pet. denied) (same).  

Because of the appellate process,
the medical malpractice case was inactive for several years, but appellant=s bankruptcy proceedings continued. 
Appellant and her husband filed a response to the trustee=s third motion to dismiss on July 13, 1998, in which they mentioned
the malpractice lawsuit and requested permission to modify the payment
plan.  The bankruptcy court allowed the
modification.  On October 13, 1998, the
trustee filed his final report in appellant=s bankruptcy proceeding, and appellant was discharged from bankruptcy
on October 14, 1998.








In her malpractice suit,
appellant filed a third amended original petition on January 10, 2005, and
appellee Dr. Angeles filed his first amended original answer alleging judicial
estoppel on August 19, 2005.  Appellees
filed motions for summary judgment on the basis of judicial estoppel in August
2005 asserting that appellant failed to disclose her pending medical
malpractice claim to the bankruptcy court in accordance with her plan.  The trial court granted these motions.  This appeal followed.

III.  Appellant=s First and Third Issues

We address appellant=s first and third issues together because they are related.  In her first issue, appellant complains that
summary judgment on the affirmative defense of judicial estoppel was
inappropriate because fact issues remain unresolved.  In her third issue, appellant alleges that
appellees waived their right to assert judicial estoppel as a defense.        

A. Standard of Review








A defendant is entitled to
summary judgment on an affirmative defense if the defendant conclusively proves
all the elements of the affirmative defense. 
Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); see
Tex. R. Civ. P. 166a(b),
(c).  To accomplish this, the
defendant-movant must present summary judgment evidence that establishes each
element of the affirmative defense as a matter of law.  Ryland Group, Inc. v. Hood, 924 S.W.2d
120, 121 (Tex. 1996).  When reviewing a
summary judgment, we take as true all evidence favorable to the nonmovant, and
we indulge every reasonable inference and resolve any doubts in the nonmovant=s favor.  IHS Cedars
Treatment Ctr. of Desoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex.
2004).

                                        B.  Applicable Law

                                       1.  Bankruptcy Law

In a bankruptcy action, the
debtor must disclose all assets including contingent or unliquidated
claims.  11 U.S.C.A. ' 521(a)(1) (West Supp. 2006). 
The duty to disclose is a continuing duty that requires the debtor to
amend schedules and forms if circumstances surrounding the bankruptcy
change.  In re Coastal Plains, Inc.,
179 F.3d 197, 205 (5th Cir. 1999), cert. denied, 528 U.S. 1117
(2000).  If the debtor knows enough
information to suggest that she might have a cause of action, then she must
disclose the potential cause of action.  Id.
at 208.  The debtor must disclose any
potential causes of action even if she does not know the legal basis of the
claim.  Id.

                                       2.  Judicial Estoppel








The doctrine of judicial
estoppel applies when a party attempts to assert a claim that is inconsistent
with a claim asserted in a prior proceeding.[3]  Id.; Stewart, 978 S.W.2d at
208.  The doctrine of judicial estoppel
is designed to protect the integrity of the judicial process by preventing a
party from Aplaying fast
and loose@ with the courts
to suit the party=s own
purposes.  In re Coastal Plains,
179 F.3d at 205.  The primary purpose of
the doctrine is not to protect litigants but rather the integrity of the
judiciary.  See id.  It is usually applied when a party attempts
to obtain an unfair advantage by intentionally asserting inconsistent claims in
different courts.  Id. at 206.

To establish judicial
estoppel involving a bankruptcy case, three elements must be proven: (1) the
party to be estopped has taken a position clearly inconsistent with its
previous position; (2) the previous court must have accepted the previous
position; and (3) the previous inconsistent position was not inadvertent.  See id.  A previous inconsistent position is only
inadvertent when the debtor lacks knowledge of the inconsistent position or has
no motive for the inconsistency.  Id. at
210.  

C.  Analysis








Appellant filed for Chapter
13 bankruptcy on November 30, 1992.  The
complications that form the basis of this suit occurred on December 6 and 7,
1993.  Subsequently, appellant amended
her bankruptcy filings several times without formally including this claim as
an asset.

Although appellant never
officially amended the bankruptcy schedules, she and her husband filed a
response to a motion to dismiss in the bankruptcy court in July 1998 that
explained the malpractice claim. 
Appellant and her husband also filed a modification plan in the
bankruptcy court in August 1998 that mentioned the medical malpractice claim,
but they did not state the amount of recovery sought.  Appellant and her husband were discharged
from bankruptcy on October 14, 1998 without the court taking the malpractice
claim into account.

Appellant concedes that she
did not amend her bankruptcy schedules. 
According to appellant, regardless of this concession, the appellees
still lose because they failed to establish as a matter of law the three
elements of judicial estoppel.  We
disagree.

1. Clearly Inconsistent
Position








Appellant argues that by
mentioning her malpractice claim in motions 
with the bankruptcy court, she did not take the position that no claim
existed. However, debtors have a continuing duty to formally  amend their bankruptcy schedules if
their circumstances change during bankruptcy. 
See In re Superior Crewboats, Inc., 374 F.3d 330, 335 (5th Cir.
2004) (finding inconsistent positions where a debtor failed to amend schedules
but informed the trustee of the claim and later filed a lawsuit for $2.5
million); In re Coastal Plains, 179 F.3d at 210 (requiring the debtor to
disclose that it believed the claim was worth millions so that it would not
confuse the creditors).  Confusion as to
what must be disclosed to the bankruptcy court does not create a fact
issue.  See In re Superior Crewboats,
374 F.3d at 335-36 (stating that plaintiff=s negligent nondisclosure did not prevent judicial estoppel or create
a fact issue).

Here, appellant attempts to
pursue this malpractice claim even though she did not previously alert her
bankruptcy creditors as to how much the claim was worth or that the claim even
existed.  Even though appellant noted the
malpractice claim on at least two other filings with the bankruptcy court, she
had a duty to amend the schedules. 
See id.  By omitting this
claim from her schedules, appellant represented to her creditors that no such
claim existed.  See In re Coastal
Plains, 179 F.3d at 210.

2.  Position Accepted by Court

To prove the acceptance
prong, a party must show that the previous court adopted the position urged by
the party.  Id. at 206.  A court adopts the position if it relies on
the assertion in making a decision or ruling. 
Id. 








Here, the bankruptcy court
discharged appellant based on her list of assets in the schedules, and the
schedule did not include the malpractice claim. 

3.  Not Inadvertent

A debtor can establish
inadvertence by showing that she did not know of the claim or had no motive to
conceal the claim.  Id. at
210.  Appellant certainly knew about the
claim because she pursued it while she was still under a duty to disclose all
of her assets and claims.  Id. at
208.  

After reviewing the record
and procedural history of appellant's bankruptcy and malpractice cases, we
conclude and hold that appellant asserted inconsistent positions, the
bankruptcy court accepted the position that appellant had no malpractice claim,
and appellant knew of the malpractice claim while she was under a duty to
disclose her assets.  Therefore,
appellant=s discharge
from bankruptcy after nondisclosure of her malpractice claim precludes her from
pursuing that claim.  See id. at
213.

4.  Waiver








Appellant argues that
appellees waived the defense of judicial estoppel because they did not assert
it at an earlier time.  Waiver is defined
as an intentional relinquishment of a known right or conduct inconsistent with
claiming that right.  Int=l Ins. Co. v. RSR Corp., 426 F.3d
281, 300 (5th Cir. 2005); Jernigan v. Langley, 111 S.W.3d 153, 156
(Tex.  2003).  Waiver must be shown through intentional
conduct that is inconsistent with claiming the right to dismiss for judicial
estoppel.  See Jernigan, 111
S.W.3d at 156.  Mere silence cannot
establish waiver unless the inaction shows an intent to relinquish the
right.  Id. at 157.   

Appellant filed suit against
appellees on February 16, 1996 and was discharged from bankruptcy on October
14, 1998.  From 1998 to 2002, the case
against Dr. Angeles was appealed twice regarding dismissal for appellant=s  failure to provide proper
expert reports.  See Horsley-Layman,
968 S.W.2d at 533; Horsley-Layman, 90 S.W.3d at 926.  Appellant filed her third amended petition in
January of 2005, nine years after she filed suit, and appellees included
judicial estoppel in their motion for summary judgment filed on August 19,
2005.

Appellees waited until after
the appeal regarding failure to provide a proper expert report to assert the
judicial estoppel defense.  However,
appellees= filing of a
motion to dismiss on other grounds was not inconsistent with their intent to
assert judicial estoppel.  See
Jernigan, 111 S.W.3d at 157.  By
pursuing their right to dismissal under another theory, appellees did not show
an intent to relinquish the right to judicial estoppel.  See id.  








We disagree with appellant's
assertion that Spinks v. Brown is compelling authority.  211 S.W.3d 374, 378 (Tex. App.CSan Antonio 2006, no pet.) (holding that defense was waived after the
defendant went through a jury trial before asserting his right).  Unlike the defendant in Spinks, here,
appellees asserted their right to judicial estoppel while still in the summary
judgment context.  See id.  Such pretrial actions are proper.  See Jernigan, 111 S.W.3d at 158.  Therefore, appellees did not waive their
judicial estoppel claim.  See id.  Accordingly, we overrule appellant=s first and third issues.  

Because our conclusions on
issues one and three dispose of appellant=s claims against all parties, we do not reach the issue of ostensible
agency.  See Tex. R. App. P. 47.1. 

IV.  Conclusion

Having overruled appellant=s first and third issues, we affirm the trial court=s order granting summary judgment in favor of appellees.

 

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL A:   CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

 

DAUPHINOT,
J. filed a dissenting opinion.








DELIVERED:
March 29, 2007











 
 
 
 
 
 
 




 

 

 

 

 

 

                                      COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-06-066-CV

 

HEIDI C. HORSLEY-LAYMAN                                                 APPELLANT

 

                                                   V.

 

ADVENTIST HEALTH SYSTEM/SUNBELT, INC.                          APPELLEES

D/B/A
HUGULEY MEMORIAL MEDICAL CENTER,

KALMAN
S. NARAYAN, M.D., AND FERNANDO

S.M.
ANGELES, M.D.

 

                                              ------------

 

           FROM
THE 352ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                   DISSENTING
OPINION

 

                                              ------------

 

I must respectfully dissent
from the majority opinion because I cannot agree that Appellant=s failure to amend the schedule amounted to a representation that the
otherwise disclosed claim did not exist.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

DELIVERED:
March 29, 2007











[1]During
the seven-month abatement period, appellant was excused from making her
regularly scheduled Chapter 13 plan payments.





[2]Although
appellant=s
case against Dr. Angeles was initially dismissed by the trial court on November
8, 1996, her claims against the other appellees were still pending.  See Horsley-Layman, 968 S.W.2d at
535.  Additionally her claim against Dr.
Angeles was pending from February 16, 1996 until November 8, 1996, which was
during the bankruptcy period.  See id.





[3]To Apromote
the goal of uniformity and predictability in bankruptcy proceedings@ and
to Agive
the proper effect to the judgment of the bankruptcy court,@ we
will apply federal bankruptcy law to this issue.  In re Coastal Plains, 179 F.3d at 205;
Stewart v. Hardie, 978 S.W.2d 203, 208 (Tex. App.CFort
Worth 1998, pet. denied) (op. on reh=g).















 [JH1]

Majority by Justice
Livingston; Dissent by Justice Dauphinot