Reversed and Remanded and Majority and Concurring Opinions filed August
10, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00645-CV

___________________

 

Sharp Engineering and Pradeep Shah,
Appellants

 

V.

 

Sergio R. Luis and Judith Yanet Delgado,
individually and as next friend of Sergio Luis Delgado, Jackeline Luis, and
Johnatan Luis, minors, Appellees



 



 

On
Appeal from the 133rd Judicial District Court

Harris County,
Texas



Trial Court Cause No. 2009-10120

 



 

 

MAJORITY  OPINION

Appellants Sharp Engineering and
Pradeep Shah appeal from the denial of their motion to dismiss the underlying negligence
suit.  Sharp Engineering and Shah contend that dismissal is mandated because
appellees Sergio R. Luis and Judith Yanet Delgado, individually and as next
friend of Sergio Luis Delgado, Jackeline Luis, and Johnatan Luis did not file the
statutorily required certificate of merit with their original petition.  See
Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a) (Vernon 2005).[1]  We reverse and
remand.     

Background

Appellee Sergio R. Luis, a carpenter, was injured when
the roof of a house he was framing for Trendmaker Homes, Inc. collapsed. 
Appellees initially sued Trendmaker Homes on June 8, 2007.   The suit settled
for a confidential amount.  Appellees then filed suit against Sharp Engineering
and Shah on February 19, 2009, alleging that Sharp Engineering and Shah were
negligent because they “failed to follow basic engineering princip[les] in the
review, approval and design of the construction drawings, roof framing plan and
the swoop cornice.”  

It is undisputed that Sharp Engineering and Shah are licensed
or registered professionals and that appellees’ claims are subject to Texas
Civil Practice and Remedies Code Chapter 150, entitled “Licensed or Registered
Professionals.”  See id. §§ 150.001-150.003 (Vernon 2005).  Under
Chapter 150, appellees were required to file a certificate of merit with their
“complaint.”  See id. § 150.002(a).  

The certificate of merit must “set forth specifically
at least one negligent act, error, or omission claimed to exist and the factual
basis for each such claim.”  Id.  The certificate need not state the
applicable standard of care.  Benchmark Eng’g Corp. v. Sam Houston Race Park,
No. 14-08-01167-CV, 2010 WL 1709225, at *3-*5 (Tex. App.—Houston [14th Dist.]
Apr. 29, 2010, no pet.).  The certificate of merit must be signed by “a
third-party licensed architect, registered professional land surveyor, or
licensed professional engineer competent to testify, holding the same
professional license as, and practicing in the same area of practice as the
defendant[.]”  Id.  The “third-party professional engineer, registered
professional land surveyor, or licensed architect” also must be “licensed in
[Texas] and actively engaged in the practice of architecture, surveying, or
engineering.”  Id.  Section 150.002(d) provides for dismissal of a suit
that does not include the certificate of merit required under section
150.002(a).  See id. § 150.002(d).

Appellees did not file a certificate of merit with
their original petition.  Sharp Engineering and Shah filed a motion to dismiss
on March 23, 2009, asserting that the trial court should dismiss appellees’
claims because appellees failed to file a certificate of merit with their
original petition.  Appellees filed a certificate of merit contemporaneously
with their First Amended Original Petition on April 13, 2009.  Sharp
Engineering and Shah filed an amended motion to dismiss on May 4, 2009.  The
trial court denied Sharp Engineering’s and Shah’s amended motion to dismiss in
an order signed on July 7, 2009.  Sharp Engineering and Shah appeal from this
order.  See id. § 150.002(e).  

Analysis

Sharp Engineering and Shah argue that the trial court
erred in denying their motion to dismiss under section 150.002(d) because appellees
did not initially satisfy section 150.002(a)’s requirement to file a
certificate of merit.  Appellees argue that section 150.002(a) does not limit them
to filing a certificate of merit with their original petition; according to
appellees, section 150.002(a) requires only that they file a certificate of
merit with a “complaint” and they did so when they included a certificate with
their first amended petition.  Appellees do not contend that any exception to
the certificate requirement applies here.  See id. § 150.002(b).  

I.         Construction of
Section 150.002

We review matters of statutory construction de
novo.  State v. Shumake, 199 S.W.3d 279, 284 (Tex. 2006).  In
construing a statute, our primary objective is to determine and give effect to
the legislature’s intent.  Tex. Dep’t of Transp. v. Needham, 82 S.W.3d
314, 318 (Tex. 2002).  We look at the statute’s plain and common meaning
because we presume the legislature intended the plain meaning of its words.  Nat’l
Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527 (Tex. 2000).  We
presume that the legislature intended the entire statute to be effective.  See
Tex. Gov’t Code Ann. § 311.021 (Vernon 2005).  “‘[I]t is settled that
every word in a statute is presumed to have been used for a purpose; and a
cardinal rule of statutory construction is that each sentence, clause and word
is to be given effect if reasonable and possible.’”  Tex. Workers’ Comp.
Ins. Fund v. Del Indus., Inc., 35 S.W.3d 591, 593 (Tex. 2000) (quoting
Perkins v. State, 367 S.W.2d 140, 146 (Tex. 1963)).  Courts should not
adopt a construction that renders statutory provisions meaningless.  Fleming
Foods of Tex. v. Rylander, 6 S.W.3d 278, 284 (Tex. 1999).    

Sharp Engineering and Shah argue that section 150.002
“requires a claimant to file his Certificate at the time he first files his
complaint against a design professional.”  At the time appellees filed their suit against Sharp Engineering
and Shah on February 19, 2009, section 150.002, entitled “Certificate of Merit”
provided in relevant part as follows:

(a) In any action or
arbitration proceeding for damages arising out of the provision of professional
services by a licensed or registered professional, the plaintiff shall be
required to file with the complaint an affidavit of a third-party licensed architect,
registered professional land surveyor, or licensed professional engineer
competent to testify, holding the same professional license as, and practicing
in the same area of practice as the defendant, which affidavit shall set forth
specifically at least one negligent act, error, or omission claimed to exist
and the factual basis for each such claim. The third-party professional
engineer, registered professional land surveyor, or licensed architect shall be
licensed in this state and actively engaged in the practice of architecture,
surveying, or engineering.

(b) The contemporaneous
filing requirement of Subsection (a) shall not apply to any case in which the
period of limitation will expire within 10 days of the date of filing and,
because of such time constraints, the plaintiff has alleged that an affidavit
of a third-party licensed architect, registered professional land surveyor, or
professional engineer could not be prepared. In such cases, the plaintiff shall
have 30 days after the filing of the complaint to supplement the pleadings with
the affidavit. The trial court may, on motion, after hearing and for good
cause, extend such time as it shall determine justice requires.

(c) The defendant shall not
be required to file an answer to the complaint and affidavit until 30 days
after the filing of such affidavit.

(d) The plaintiff’s failure to file the affidavit
in accordance with Subsection (a) or (b) shall result in dismissal of the
complaint against the defendant. This dismissal may be with prejudice. 

 

See Act of May 18,
2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370 (amended
2009) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a)-(e)
(Vernon Supp. 2009)). 

Appellees argue that a plaintiff need not include a
certificate of merit with the first-filed complaint alleging negligence by a
professional because the legislature did not include the words “original” or
“first-filed” before the word “complaint” in section 150.002(a).  Under
appellees’ interpretation, section 150.002(a) allows a plaintiff to file a
certificate of merit with an amended “complaint” in response to a motion to
dismiss an earlier complaint that lacks the required certificate.  

Appellees’ interpretation cannot prevail because it
impermissibly renders section 150.002(b) meaningless.  Section 150.002(b)
provides that a plaintiff asserting a negligence claim against a professional
can obtain an extension of time to file a certificate of merit if (1) the
statute of limitations will expire within 10 days of the filing of suit; and
(2) this time constraint precludes preparation of the necessary certificate for
filing with the suit.  Tex. Civ. Prac. & Rem. Code Ann. § 150.002(b).  Under
these circumstances, the plaintiff must file its certificate within 30 days of
filing its original complaint.  Id.  “The trial court may, on motion,
after hearing and for good cause, extend such time as it shall determine
justice requires.”  Id. 

If the absence of the section 150.002(a) certificate
could be cured by attaching it to an amended complaint asserting the same
negligence claim against the same professional, then section 150.002(b) would
serve no purpose.  A plaintiff faced with a looming statute of limitations
deadline could negate section 150.002(b)’s 30-day extension procedure (along
with the necessity of any subsequent motion and hearing) merely by filing an
amended complaint and a certificate more than 30 days after suit was first filed. 
We cannot endorse a statutory interpretation that negates section 150.002(b) in
this manner.   

Requiring inclusion of the certificate with the
first-filed “complaint” comports with this court’s prior discussion of section
150.002(a).  See Benchmark Eng’g Corp., 2010 WL 1709225, at *1
(“[P]laintiff attached a certificate of merit to its original petition as
required under section 150.002(a).”).  This interpretation also comports with
the analysis in Ashkar Engineering Corporation v. Gulf Chemical & Metallurgical
Corporation, No. 01-09-00855-CV, 2010 WL 376076, at *2-*3 (Tex.
App.—Houston [1st Dist.] Feb. 4, 2010, no pet.).  In Ashkar Engineering,
Gulf Chemical originally filed suit against Miner-Dederick.  Id. at *1. 
Gulf Chemical added Ashkar Engineering, a design professional, as a defendant
in its First Amended Petition asserting claims for negligence, breach of
contract, and breach of implied warranty against Ashkar Engineering.  Id.
at *1, *4.  Gulf Chemical did not file a certificate of merit with its first
amended petition; it later filed a certificate of merit with its third amended
petition.  Id. at *1.  The court held that Gulf Chemical failed to
timely file a certificate of merit.  Id. at *3.[2]             

We hold that section 150.002 requires a plaintiff to
file a certificate of merit with the first-filed complaint asserting a
negligence claim against a professional. 

II.        Propriety of
Trial Court’s Ruling on Motion to Dismiss     

We review a trial court’s order granting or denying a
defendant’s motion to dismiss for abuse of discretion.  See Am. Transitional
Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 877-78 (Tex. 2001); Rittmer
v. Garza, 65 S.W.3d 718, 721 (Tex. App.—Houston [14th Dist.] 2001, no
pet.).  A trial court abuses its discretion when it acts in an unreasonable and
arbitrary manner, or when it acts without reference to any guiding rules or
principles.  Walker v. Gutierrez, 111 S.W.3d 56, 62 (Tex. 2003).  A
trial court will be deemed to have acted arbitrarily and unreasonably if the
trial court could have reached only one decision, yet reached a different one.  Teixeira
v. Hall, 107 S.W.3d 805, 807 (Tex. App.—Texarkana 2003, no pet.).  To that
end, a trial court abuses its discretion when it fails to analyze or apply the
law correctly.  In re Sw. Bell Tel. Co., 226 S.W.3d 400, 403 (Tex. 2007)
(citing In re Kuntz, 124 S.W.3d 179, 181 (Tex. 2003)).

Having determined that section 150.002(a) requires a
plaintiff to file a certificate of merit with the first-filed complaint
asserting negligence by a professional, we must determine if appellees complied
with this requirement.  Appellees filed suit against Sharp Engineering and Shah
on February 19, 2009, alleging that Sharp Engineering and Shah were negligent
because they “failed to follow basic engineering princip[les] in the review,
approval and design of the construction drawings, roof framing plan and the
swoop cornice.”  Appellees did not file a certificate of merit with their
original petition.  Appellees subsequently filed a certificate of merit with
their First Amended Original Petition.  Appellees do not contend that the exception
set forth in subsection (b) is applicable to their case.  Therefore, appellees failed
to timely file a certificate of merit as required by section 150.002(a).

Subsection (d) requires “dismissal of the complaint
against the defendant” if the plaintiff fails to file a certificate of merit in
accordance with subsection (a) or (b).  Therefore, the trial court abused its
discretion in denying appellants’motion to dismiss.  See id.  Section
150.002(d) allows the trial court to dismiss with or without prejudice.  Tex.
Civ. Prac. & Rem. Code Ann. § 150.002(d).

We sustain Sharp Engineering’s and Shah’s sole issue.

 

Conclusion

            We reverse the
trial court’s July 7, 2009 order denying appellants’ motion to dismiss and
remand this case to the trial court for a determination of whether such
dismissal should be with or without prejudice to refiling.   

 

                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

Panel consists of Justices
Frost, Boyce, and Sullivan.  (Sullivan, J., concurring).

 









[1] The Eighty-First Texas
Legislature amended section 150.002, effective as of September 1, 2009.  See
Act of June 19, 2009, 81st Leg., R.S., ch. 789, §§ 3-4, Tex. Gen. Laws
1989-1990 (effective Sept. 1, 2009).  Because this suit was filed on March 23,
2009, these amendments do not apply to this case.  See id.  All
citations to the statute in this opinion are to the version in effect prior to
the 2009 amendments.       





[2] The parties subsequently
filed a joint motion to dismiss Ashkar Engineering’s appeal and Gulf Chemical’s
motion for rehearing because they “settled their dispute in the trial court”
and “agree to a voluntary dismissal.”  Ashkar Eng’g Corp. v. Gulf Chem.
& Metallurgical Corp., No. 01-09-00855-CV, 2010 WL 1509287, at *1 (Tex.
App.—Houston [1st Dist.] April 15, 2010, no pet.).  The parties also requested
that the court withdraw its February 4, 2010 opinion and judgment.  Id. 
The court dismissed the appeal and withdrew its February 4, 2010 judgment and
March 22, 2010 order denying Gulf Chemical’s motion for rehearing.  Id.  The
court declined to withdraw its February 4, 2010 opinion.  Id.